[No. 114. Decided January 26, 1891.]

ROBERT TRAVIS, ALFRED LEE, J. S. MAXFIELD, SMITH TROY, W. L. CHURCH AND W. C. WILLIAMS V. WILLIAM WARD AND JAMES LAWRENSON.

APPEAL — EXCEPTIONS — COUNTY COMMISSIONERS — ILLEGAL CONTRACT — ESTOPPEL.

Where judgment is given on the pleadings in an equity case, an appeal may be maintained therefrom, though no exception is taken.

Although the contract of county commissioners for the building of a county road may be illegal, and the issue of warrants in payment therefor unauthorized in excess of a certain amount, the payment of such warrants will not be enjoined at the suit of taxpayers who themselves signed a petition for said improvement, had knowledge of the contract at the time it was made, and stood by and permitted the work to be carried on without objection until the road was completed.

*Appeal from Superior Court, Clallam County.*

The facts are fully stated in the opinion.

*Hays & Plumley*, for appellants.

A court of equity will never lend its aid to an inequity. 2 Story, Eq. Jur. § 959; *Clark v. Dayton*, 6 Neb. 203; *Brown v. Merrick County*, 18 Neb. 355. The appellees are estopped from now questioning the propriety of paying the warrants. 2 High, Inj. § 1260; *Sleeper v. Bullen*, 6 Kan. 300; *Weber v. San Francisco*, 1 Cal. 455; *Hitchcock v. Galveston*, 96 U. S. 341.

*John Trumbull*, for appellees.

A board of county commissioners can exercise no powers which are not in express terms, or by fair implication, conferred upon it by law, and whenever the board ventures beyond the scope of its powers its acts are void, and not binding upon the county. *Martin v. Whitman County,*

1 Wash. 533; *Hodges v. City of Buffalo*, 2 Denio, 110; *Thomson v. Lee County*, 3 Wall. 327; *Wells v. Supervisors*, 102 U. S. 625; *Lebeher v. Board of Commissioners*, 9 Mont. 315 (23 Pac. Rep. 714); Dill. Mun. Corp. (3d ed.) §§ 457, 89. The act of February 2, 1888 (Laws 1887–8, p. 195), is a limitation upon the commissioners limiting the amount that can be expended for road purposes for each year, and all warrants or appropriations over that amount are void. *People v. Hall*, 8 Col. 485 (9 Pac. Rep. 34); *People v. May*, 9 Col. 80 (10 Pac. Rep. 641), and 9 Col. 414 (15 Pac. Rep. 36); *Catron v. Board of Commissioners*, New Mex. Feb. 1889 (21 Pac. Rep. 60); *People v. May*, 9 Col. 404 (12 Pac. Rep. 838); *Schwartz v. Wilson*, 75 Cal. 502 (17 Pac. Rep. 449); *Crampton v. Zabriskie*, 11 Otto, 601; Dill. Mun. Corp. (3d ed.) §§ 25, 89; *Clark v. City of Des Moines*, 19 Iowa, 199 (87 Am. Dec. 423).

The opinion of the court was delivered by

SCOTT, J.—It is alleged by the complaint in this case that appellant W. C. Williams entered into a contract with appellants Robert Travis, Alfred Lee and J. S. Maxfield, the board of county commissioners of Clallam county, and purporting to act in behalf of said county therein, to improve a certain highway or county road; and that said commissioners issued to said Williams county warrants therefor in the sum of $13,800.95. It is further alleged that the total valuation of the assessable property of said county at that time was but $501,267, and that there was no money in the county treasury for the purpose of building roads, nor was any thereafter appropriated for such purpose. The appellees brought this action as taxpayers of said county against said Williams and said county commissioners, and also against Smith Troy and W. L. Church, the auditor and treasurer of said county, to enjoin the payment of the warrants. The defendants answered, alleging

good faith upon the part of Williams and the commissioners; that they believed they had a lawful right to enter into the contract; and that the same was made by the commissioners in response to numerously signed petitions by the residents and taxpayers of said county, and that the appellees themselves signed one of said petitions, had full knowledge of the contract at the time it was made, and of all the work performed thereunder during the pendency thereof; that they stood by and permitted said work to proceed without objection until the road was completed and warrants issued. No reply was filed to these matters alleged in the answer, and both parties moved the court for judgment on the pleadings—the plaintiffs on the ground that the matters set up in the answer constituted no defense, and the defendants on the ground that, the plaintiffs having failed to reply, the affirmative defense must be taken as true, and that it was sufficient. The court rendered judgment for the plaintiffs, and the defendants appeal.

The first proposition we are met with is, that no exception was taken by appellants to the action of the superior court in the premises. But as this is an equity case, and as it was submitted to the lower court upon the facts as shown by the pleadings, we think an appeal from the judgment on the facts can be maintained, although an exception was not taken. Had these matters been stricken from the answer the case would be different, and an exception would be necessary, but the court simply held them, while true, to be immaterial, and rendered a decree for the plaintiffs.

Under the allegations of the complaint, which are taken as true for the purpose of this hearing, the contract in question was illegal, and the issue of the warrants in question, or the greater portion of them at least, was clearly unauthorized. While the county commissioners have a

general supervision over county roads, with power to lay out and establish, etc., as provided by § 2673 of the code, they must proceed according to law, and as there were on moneys on hand for the purpose of improving highways, and as the commissioners only had authority to appropriate therefor two-tenths of one per cent. on the amount of taxable property of such county, shown by the last preceding assessment, as provided by an act of the legislature, approved February 2, 1888 (See Sess. Laws 1887–88, p. 195), it follows that any attempted incurring of such indebtedness in excess thereof was without lawful authority.  While this is true, however, equity will not permit persons standing in the position of these plaintiffs, if the matters pleaded in the answer hereinbefore stated are true in fact, to directly encourage the commission of an unlawful act of this character, stand by and permit the work to be carried on in pursuance thereof without objection, by which they, in common with the other citizens and property owners of the county, are benefited, to take advantage of their own wrong in the premises, and enjoin payment of the indebtedness therefor so undertaken to be incurred.  See *Brown v. Merrick Co.,* 18 Neb. 355 (25 N. W. Rep. 356); *Sleeper v. Bullen,* 6 Kan. 300; *Weber v. City of San Francisco,* 1 Cal. 455.  For this reason the judgment is reversed.  But, instead of rendering a final decree, it is thought best, in view of the condition of this case, to send it back, allowing the parties to file amended pleadings, and the plaintiffs to reply, if desired, that there may be an opportunity for a retrial upon the evidence; and it is remanded accordingly.

ANDERS, C. J., and HOYT, DUNBAR, and STILES, JJ., concur.