[No. 404.   Decided February 10, 1892.]

JOSEPHUS S. HOWELL, *Respondent*, v. THE CITY OF TACOMA, CHARLES E. HILL, *Clerk*, AND GRATTAN H. WHEELER, *Treasurer of said City of Tacoma, Appellants.*

MUNICIPAL CORPORATIONS—STREET IMPROVEMENTS—ILLEGAL ASSESSMENTS —ESTOPPEL—WHEN TENDER EXCUSED.

An assessment for a street improvement, based upon the values of the various parcels of land fronting upon the street, regardless of the frontage and depth of the parcels, which necessarily affect the valuation thereof, and burdening some parcels of land with a charge three or four times as much for each foot of frontage as other parcels situated on said street, is void on the ground of inequality.

The provision of the charter of said city, declaring that the owners of land fronting on any street improvement, who do not appear and object to any of the proceedings or to the assessment, are to be bound by the action of the council in approving the levy, cannot be extended so as to estop one from asserting rights as against such assessment when the proceedings of the council show such a departure from constitutional methods as to render the proceedings void.

A party seeking the interposition of a court of equity to restrain the collection of an assessment is excused from paying or tendering

such proportion of the tax assessed against him as he should, in equity, pay, when the assessment is made upon a basis so false and unwarranted that it furnishes no data from which a just proportion of the cost of improvement can be determined.

*Appeal from Superior Court, Pierce County.*

Action by Josephus S. Howell to restrain the city of Tacoma from enforcing the collection of an assessment for the improvement of Wayne street in said city. The court sustained a demurrer to defendants' answer, and from judgment thereon defendants appeal.

*S. C. Milligan,* and *M. B. Hoxie,* for appellant.

*Seymour, Griggs & Lockwood,* for respondent.

The opinion of the court was delivered by

HOYT, J.—The first question presented by the record in this case is as to the legality of a certain assessment for street improvements made by the city of Tacoma upon the lands of the respondent. It appears from the record, and from the admissions and briefs of counsel, that such improvement was upon a street situated in the suburban part of said city of Tacoma, where much of the land had not been platted into town lots. The city council, in construing the provisions of its charter, determined that the lots or parcels upon which they were authorized to assess the cost of the improvement, were all lots and parcels which had a frontage upon the street improved, and that each of said lots and parcels should bear their ratable proportion of such cost, according to the value thereof, regardless of the question as to the depth of such lots or parcels back from said street, and also regardless of the extent of the frontage thereon. The language of the charter thus construed by the city council, as contained in the laws of 1886, p. 220, § 117, is as follows:

"Such cost and expense shall be assessed upon said lots and parcels of land in the following manner: The cost and

expense of the work done and materials furnished in
making the entire improvement shall be assessed upon
the lots and parcels of land fronting upon the improved
street, highway or alley within the limits of the improve-
ment thereof, lengthwise of such street, highway or alley,
ratable according to the valuation of each of said lots or
parcels of land, exclusive of the improvements thereon,
as determined by the last annual assessment thereof for
general and municipal taxation made previous to such
assessment of said cost and expense thereon."

And the result in this case of such interpretation was
that along some portions of said street the lands fronting
thereon extended back less than one hundred feet, while
on other portions such lands extended back one thousand
feet or more.   The consequence would necessarily be that
some of the lands fronting upon the street would pay a
much greater sum per foot front than others.   The exact
proportion of this inequality was not made to appear by
the record, for the reason that the cause was determined
by the court below upon the pleadings, but from an in-
spection of such pleadings, and of the map which by con-
sent was considered as properly a part of the record, it
was certain that the lands of respondent were burdened
with a charge of three or four times as much for each foot
of frontage as some other lands situated upon the street.
The system or plan of assessing the cost of street improve-
ments upon the lots fronting thereon according to their
value, though questioned by many courts, may for the
purpose of this case be conceded, but it does not follow
that assessments thereunder should be sustained which
are clearly unequal, any more than under any other sys-
tem.   The basis of all taxation is equality.   And no
tax of any kind can be sustained when it appears that
the several parcels of property properly chargeable with
the tax are made to bear unequally the burden
thereof.   This proposition is almost axiomatic.   We
would cite, however, upon this point, Cooley on Constitu-

tional Limitations (5th ed.), p. 620, star p. 499, and cases there cited.   In our opinion the assessment in question violates this well settled rule.   So far as appears from this record, there was no reason why the lands of respondent, which were situated at a greater distance from the street improved than the limit of the narrowest strip charged with such improvement upon other portions of the street, should have been made to bear any part of the cost of the improvement.   And when one of two adjoining strips of frontage is assessed only to the depth of one hundred feet, and the other to the depth of a thousand feet, it is evident to all that such assessment is not equal and uniform.   The use of the word "parcels" in the charter of said city must have a more restricted definition than that given to it by said common council.   If said clause of the charter is to stand the test of constitutional scrutiny, it must be held to relate only to improvements in such part of the city as have been platted into lots and parcels of substantially equal depth upon the street to be improved, or that under it the common council can establish an assessment district extending back a uniform distance from the street throughout the entire length of the improvement, and assess only upon the lots and parcels within such district.   Whether or not it will stand the test when thus construed, it is not necessary for us now to decide, as this assessment does not meet any interpretation of said clause consistent with its constitutionality.   See *Washington Avenue*, 69 Pa. St. 362; 8 Am. Rep. 255; *City of Philadelphia v. Rule*, 93 Pa. St. 15; *Seely v. City of Pittsburg*, 82 Pa. St. 366; 22 Am. Rep. 760.

The tax upon the lands of the respondent was clearly illegal.  The appellants, however, contend that even although such is the fact, plaintiff was not in a situation to question it for the reason—(1) That he was one of the petitioners for the improvement, and must be held to have moved the common council to do what they did, and cannot, therefore,

now object; (2) that under the provisions of the charter of said city of Tacoma, the respondent was given the opportunity of appearing and objecting to any of the proceedings, or to the assessment, and not having done so he is bound by the action of the council in approving of the levy. The provisions of the charter in that regard are broad enough to warrant this contention on the part of the appellants, but such construction would, as in the other case cited, destroy the constitutionality of such provision. If it is to be held constitutional, the conclusiveness of the proceedings had before said city council must be held to apply only to the question of procedure and valuation under a method which, if properly applied, would work substantial justice. It could not be extended so as to estop one from asserting rights as against such assessment when the common council had never had any jurisdiction of the proceeding, or had so far departed from proper methods as to oust it of jurisdiction. In the case at bar we think that the proceedings clearly show such a departure from constitutional methods as to render them void, and that for that reason respondent as a petitioner for the work is not responsible therefor or bound thereby, and that for a like reason the proceedings before the common council in equalizing and approving the assessment are binding upon no one.

The other objection of appellants as to the proceedings of the court below is, that a court of equity will not set aside a tax nor restrain its collection, unless the party seeking the interposition of the court pays, or offers to pay, such proportion of the tax assessed against him as in equity he should. And they claim that in this case the answer showed that the lands of respondent were benefited by the improvement, and that in equity he should pay for such benefit, and that as he has not done so he could not maintain this action. We doubt whether the rule above stated applies to a tax or assessment absolutely void, as we hold this one

to be, but even if it does we think the reason set out in respondent's complaint why he has not paid or offered to pay his proper proportion of the cost of the improvement is a sufficient one. The whole assessment was made upon a basis so false and unwarranted that it furnished no data from which the just proportion of any of the property properly chargeable with the cost of the improvement could be determined. That equity will interfere to set aside such a tax, and to prevent the clouding of the title of the owner, we think clear. See *Mayall v. City of St. Paul*, 30 Minn. 294 (15 N. W. Rep. 170); *Hassen v. City of Rochester*, 65 N. Y. 521; *Ellwool v. City of Rochester*, 122 N. Y. 229 (25 N. E. Rep. 238).

Judgment of the court below must be affirmed.

ANDERS, C. J., and STILES, SCOTT and DUNBAR, JJ., concur.