[No. 1718. Decided May 27, 1895.]

BYRON BARLOW *et al., Respondents,* v. CITY OF TACOMA *et al., Appellants.*

PUBLIC IMPROVEMENTS — ASSESSMENTS — ESTOPPEL.

Although the proceedings for the assessment of abutting property for the payment of a street improvement are invalid, because of the insufficiency of the notice given, yet the appearance of some of the parties in the proceeding for the purpose of remonstrating solely on the ground that the work would involve the expenditure of a large sum of money and would considerably inconvenience them, which remonstrance was afterward withdrawn in consequence óf an extension of the time of payment, estops them from raising the question of want of jurisdiction on the part of the city. (DUNBAR, J., dissents).

· Although the effect of an estoppel may be to render certain par ties liable to pay an invalid street improvement assessment against them, while other parties to the proceeding who are not estopped escape liability, such fact affords no sufficient ground for .setting aside the doctrine of estoppel.

*Appeal from Superior Court, Pierce County.*

*James Wickersham,* and *Stacy W. Gibbs (A. E. Buell,* of counsel), for appellants.

*Tillotson & Milligan,* for respondents.

The opinion of the court was delivered by

SCOTT, J.—This action was brought to have a special assessment for the improvement of a street declared void, and to restrain its collection. Judgment was rendered in favor of the plaintiffs, and the city has appealed.

Under the decision of this court in the case of *Buckley v. Tacoma,* 9 Wash. 253 (37 Pac. 441), the city failed to obtain any jurisdiction in the premises under the notice given, but the plaintiffs in this action, with the exception of Theodore Hosmer, saw fit to appear in

said proceeding and remonstrate against the prosecution of the work, on the sole ground that the same would involve the expenditure of a large amount of money, and that it would considerably inconvenience said parties remonstrating to pay their proportion thereof. Subsequently, in consequence of an extension by the council of the time of payment for two and a half years, these parties withdrew their remonstrance. This action supplied the defect aforesaid in the proceedings and conferred jurisdiction upon the city to proceed as against said parties, and they are estopped from raising the questions presented.

It is urged that the doctrine of estoppel should not obtain because it would result in compelling the parties who remonstrated to pay their assessment, while others who were not estopped would be under no legal liability to pay; thus resulting in an injustice. This, however, is not a sufficient ground to relieve them from the effects of their action in the premises, which was in effect to consent that the work might proceed as contemplated. Furthermore, it is a matter of common knowledge that in a majority of these cases a great many persons pay voluntarily, without questioning the validity of the proceedings; and occasionally, where the proceedings are regular, it happens that some parties escape payment through defective proceedings upon the part of the city in enforcing collection. And it is apparent, if the doctrine of estoppel is not applied, the same injustice would result in the payment of, or collection of, a portion of the tax from some of the parties against whom it was assessed and the escape therefrom by others.

The judgment of the court will be reversed as against all of the parties except Hosmer; as to him it will be affirmed·

Hoyt, C. J., and Anders and Gordon, JJ., concur.

Dunbar, J. (*dissenting*).—In my opinion, the council, not having taken the proper steps to acquire jurisdiction, its action was entirely void, and the withdrawal of the remonstrance by the respondents would not be sufficient to confer jurisdiction and therefore all subsequent action was without jurisdiction. The judgment should be affirmed.