[No. 2081. Decided February 4, 1896.]

ROBERT WINGATE, *Receiver of The Merchants' National Bank of Tacoma, Appellant*, v. THE CITY OF TACOMA *et al., Respondents*.

MUNICIPAL CORPORATIONS — ASSESSMENT FOR IMPROVEMENTS — DEFECTIVE PROCEEDINGS — ESTOPPEL OF PROPERTY OWNER.

The facts that a property owner is one of the petitioners for the improvement of a street upon which it abuts, that he had knowledge that the work was being done and thought it a benefit to the property, and that no objections were made by him to the improvement or the manner in which it was being made, will estop him and his successors in interest from asserting that the city never acquired jurisdiction to make the improvement and levy an assessment therefor.

Appeal from Superior Court, Pierce County — Hon: JOHN C. STALLCUP, Judge. Affirmed.

*Doolittle & Fogg* (*Charles O. Bates*, of counsel), for appellant.

. *James Wickersham*, and *Stacy W. Gibbs*, for respondent.

The opinion of the court was delivered by

DUNBAR. J.—This was an action brought by the plaintiff and appellant in the superior court of Pierce county asking that the special assessment levied against the property of the appellant be set aside and held for naught and that the certificate of sale issued to the defendant, John L. Farwell, be decreed to be void and of no force and effect, and further asking that the city treasurer be enjoined from delivering or issuing any deed upon said certificates, and that the city of Tacoma, its officers and agents be properly enjoined from enforcing or attempting to enforce said assessment against the property of the defendant described in the complaint. The lower court found in favor of the defendant and dismissed the action, and appeal is taken to this court.

It is conceded that this case falls within the rule announced by this court in the case of *Buckley v. Tacoma*, 9 Wash. 253 (37 Pac. 441), if the appellant is not estopped from pleading want of authority in the city. The tenth finding of fact is:

"That one Henry Drum was the owner of the property in question at the time all proceedings relating to said improvement were had and that he was one of the petitioners for said improvement, and that at the time of making said improvement he personally inspected the making thereof and that he made no obtion to the progress of said work at any time or to the levying of said assessment."

And from said finding the court, among other conclusions of law, announced that the plaintiff was "estopped from maintaining this action by reason of the petition and acquiescence in the making of the improvement after it was ordered by its then owner and his predecessor in interest."

We think that this conclusion of law was justified under the rule announced by this court in *Barlow v. Tacoma*, 12 Wash. 32 (40 Pac. 382), where it was held that, notwithstanding the decision of this court in the case of *Buckley v. Tacoma, supra*, the city failed to obtain any jurisdiction in the premises under the notice given; that where the record showed that Barlow saw fit to appear in said proceedings and remonstrate against the prosecution of the work on the sole ground that the same would involve the expenditure of a large amount of money and that it would considerably inconvenience the party remonstrating to pay his portion thereof, and that, subsequently, in consequence of an extension by the council of the time of payment, he withdrew his remonstrance, that this action of Barlow supplied the defect aforesaid in the proceedings and conferred jurisdiction upon the city to proceed as against him, and that he was estopped from raising the question presented. The foregoing opinion was not concurred in by the writer of this opinion, but, being a decision by the majority of this court, it must stand as the law of this state, governing cases which involve the principle of estoppel which was involved in that case, and if the remonstrance and a subsequent withdrawal of that remonstrance will work an estoppel, it seems to us that a petition would equally work an estoppel. It is true that in the case of *Howell v. Tacoma*, 3 Wash. 711 (28 Am. St. Rep. 83, 29 Pac. 447), it was held that a petition could not be extended so as

to estop one from asserting rights as against such assessment when the common council had never had any jurisdiction of the proceeding, or had so far departed from proper methods as to oust it of jurisdiction; but the testimony in this case, it seems to us, carries the case beyond the facts proven in the case of *Howell v. Tacoma, supra,* for Mr. Drum testified that at the time this improvement was made he was the owner of the property described in the complaint and that he signed the petition for the improvement of said street, that he saw the work being done and thought it was a benefit to the property and that he made no objections to the work as it was being done or the manner in which it was being done, and that he was aware of the improvement. So that it seems to us that if a person ever could waive a jurisdictional question, it was waived in this case, and that it does not fall within the reason of the case of *Buckley v. Tacoma,* where it was announced that—

"The people who pay for streets made the charter, and while they granted to the public authorities most liberal powers, by permitting the arbitrary improvement of streets, at local expense, they emphatically reserved to themselves the right to have three things distinctly brought to their knowledge, viz.: (1) What improvement it is proposed to make. (2) What the cost is to be. (3) What property is to be charged with the expense. This knowledge, they declared, must be afforded in a certain way, and after that they reserved the right to remonstrate, and to have a two-thirds vote of the council to overcome their objections."

These rights, according to the testimony of Mr. Drum, were all accorded to him, and these three things were brought to his knowledge, and he testifies he made no objection to them because he thought that it was a benefit to the property taxed. We think the appellant

is estopped from raising an objection to the authority of the city to prosecute this work and to make an assessment to pay for it, and the judgment will therefore be affirmed.

HOYT, C. J., and ANDERS, GORDON and SCOTT, JJ., concur.