[No. 4928. Decided February 23, 1905.]

THE CITY OF ABERDEEN, *Respondent,* v. M. E. LUCAS et al., *Appellants.*[1]

MUNICIPAL CORPORATIONS—LOCAL IMPROVEMENTS—ASSESSMENTS —OBJECTIONS—WAIVER. Objections going to the regularity of local improvement assessments must be first presented to the city council or they are waived.

SAME—WAIVER BY PETITIONING FOR IMPROVEMENT. One who petitions for local improvements cannot question the validity of the assessment unless the city council never had jurisdiction or so far departed from established methods as to lose jurisdiction.

[1]Reported in 79 Pac. 632.

SAME—NOTICE—SUFFICIENCY—WHAT ORDINANCE GOVERNS.   The
twenty day notice to abutting owners of local improvement assess-
ments provided for by a general ordinance contemplated by
Laws 1890, need not be given where the assessment was made
under Laws 1893, p. 171, and it is not questioned that the notice
there provided for and given constituted due process of law.

Appeal from a judgment of the superior court for Che-
halis county, Rice, J., entered June 13, 1903, after a trial
on the merits before the court without a jury, foreclosing a
local improvement assessment.    Affirmed.

*John C. Hogan,* for appellants, contended, among other
things, that the notice was insufficient to confer jurisdic-
tion.    Cooley, Taxation, 265, 266; *Stuart v. Palmer,* 74
N. Y. 183, 30 Am. Rep. 289; *Gatch v. Des Moines,* 63
Iowa 718, 18 N. W. 310; *Wilson v. Seattle,* 2 Wash. 543,
27 Pac. 474; *New Whatcom v. Bellingham Bay Imp. Co.,*
16 Wash. 131, 47 Pac. 236; *Everett Water Co. v. Fleming,*
26 Wash. 364, 67 Pac. 82.    Petitioners are not estopped
by illegal proceedings.    *Steckert v. East Saginaw,* 22
Mich. 104; *Taylor v. Burnap,* 39 Mich. 739; *Howell v.
Tacoma,* 3 Wash. 711, 29 Pac. 447, 28 Am. St. 83;
*Wingate v. Tacoma,* 13 Wash. 603, 43 Pac. 874; *New
Whatcom v. Bellingham Bay Imp. Co.,* 10 Wash. 378,
38 Pac. 1024.    There is no estoppel as to jurisdictional
matters.    *Potter v. Whatcom,* 25 Wash. 207, 65 Pac. 197;
*McNamee v. Tacoma,* 24 Wash. 591, 64 Pac. 791; *Annie
Wright Seminary v. Tacoma,* 23 Wash. 109, 62 Pac. 444;
*Tumwater v. Pix,* 18 Wash. 153, 51 Pac. 353.    It was
incumbent on the city to show that every necessary step
was taken.    *Seattle v. Doran,* 5 Wash. 482, 32 Pac. 105,
1002; *Pittsburg v. Walter,* 69 Pa. St. 365; *Myrick v. La
Crosse,* 17 Wis. 456; *Kneeland v. Milwaukee,* 18 Wis.
431.    Injunction lies to restrain the collection of the
assessment.    *Buckley v. Tacoma,* 9 Wash. 253, 37 Pac.

441; *Spokane Falls v. Browne*, 3 Wash. 84, 27 Pac. 1077; Dillon, Mun. Corp., 863; High, Injunctions, 639.

*E. H. Fox*, for respondent.

FULLERTON, J.—On December 27, 1899, the appellants were the owners of real property, situated in the city of Aberdeen, which was not readily accessible because of the unimproved condition of the street upon which the property abutted; and on that day they, together with others similarly situated, petitioned the city council of that city to improve such street, at the cost of the property to be benefited, by constructing thereon a plank roadway, from the main street of the city to a point beyond their property. The city council acted upon the petition, taking such steps as finally resulted in the construction of the plank roadway, and the assessment of the cost thereof to the property deemed to be benefited thereby.  The assessment against the appellants' property amounted to $90.35, which they refused to pay, and this action was brought to foreclose the assessment lien.

The appellants raised numerous objections to the assessment proceedings, but as these, with one exception, go rather to the regularity of the proceedings than to the jurisdiction of the city council to make the assessment, it is sufficient to say that they are not matters that can be urged as a defense to the foreclosure action, but, to have availed the appellant, they must have been taken before that body, and an appeal taken therefrom.    *Alexander v. Tacoma,* 35 Wash. 366, 77 Pac. 686.    Moreover, the appellants, having petitioned for the improvement, are estopped from now questioning the validity of the proceedings or the assessment, unless it be that the city council never had any jurisdiction of the proceedings, or so far departed from established methods as to oust it of jurisdiction. *Wingate v. Tacoma,* 13 Wash. 603, 43 Pac. 874.

· By a general ordinance, enacted by the city council of the city of Aberdeen, relating to assessments for street improvements, it was provided that notice of the hearing, on the confirmation of the report of the officers appointed to apportion the assessment, should be given by publication, the first publication of which notice should be at least twenty days before the time fixed for the hearing. The first publication of the notice of the hearing in this instance was less than twenty days from the date of hearing, and the appellants contend that the notice is jurisdictional, and that the failure to give the required notice worked a loss of jurisdiction in the city council to confirm the assessment. It may be that if the ordinance on which the appellants rely was still in force, and governed the procedure for making the street improvement, that their contention should be given effect, and this assessment held unenforcible. But this ordinance was passed under the statute of 1890, which evidently contemplated a general ordinance on the part of municipalities under which all street improvements were to be made, and to which all proceedings should conform.

The legislature of 1893, however, enacted a new law on the subject. Laws 1893, p. 159. By that law each improvement required a separate ordinance, to which the proceedings must conform, and such was the method pursued in making this assessment. The prior ordinance was, therefore, of no binding force, and a compliance therewith was not necessary in order to make a valid assessment. It is not questioned that the notice provided for and given was sufficient to constitute due process of law, and it must be held sufficient to confer jurisdiction on the city council to make the assessment.

The judgment is affirmed.

MOUNT, C. J., HADLEY, and DUNBAR, JJ., concur.

RUDKIN, ROOT, and CROW, JJ., took no part.