[No. 6598.    Decided March 28, 1907.]

THE CITY OF SPOKANE, *Respondent*, v. FRANK L. PRESTON et al., *Appellants.*[1]

MUNICIPAL CORPORATIONS—SPECIAL ASSESSMENTS—OBJECTIONS—WAIVER—JURISDICTION—AMOUNT—SEWERS. An objection to an assessment for the construction of a sewer in that the petition of property owners therefor was confined to a main sewer, while the assessment was extended to include, also, the costs of lateral sewers thereafter recommended by the board of public works and authorized by the city council, must be made before the city council and cannot be first raised in an action to foreclose the assessment; inasmuch as jurisdiction to levy an assessment was conferred by the petition, and the objection reaches only the amount of the assessment; especially where the improvement was authorized by a two-thirds vote of the city council, and under the charter a petition by property owners was not essential to jurisdiction in such a case.

SAME. An objection to a local assessment that property benefited was omitted from the assessment reaches only the amount assessed against other property, and must be first raised before the city council.

[1]Reported in 89 Pac. 406.

Appeal from a judgment of the superior court for Spokane county, Kennan, J., entered July 10, 1906, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action by a city to foreclose assessment liens for local improvements. Affirmed.

*Henley & Kellam* and *Hamblen, Lund & Gilbert*, for appellants.

*J. M. Geraghty* and *Lester P. Edge*, for respondent.

HADLEY, C. J.—This is an action to foreclose assessment liens for the construction of sewers in the city of Spokane. In 1904 a petition was addressed to the board of public works and city council of said city, signed by the owners of property fronting upon Pacific avenue, a street within the city. The petition asked for the construction of a sewer to be laid in Pacific avenue at the expense of the city and property owners. The petition was filed with the board of public works, who reported it to the city council, recommending the construction of a sewer upon that street, and also further recommending the construction of some lateral sewers in connection therewith. The council then passed an ordinance authorizing the construction of the Pacific avenue sewer as asked in the petition, and also authorizing the lateral sewers as recommended by the board of public works. These lateral sewers were extended along four short stub streets running north from Pacific avenue to the south line of the Northern Pacific Railway Company's right of way. The ordinance created an assessment district and an assessment was laid for the entire expense of constructing both the main and lateral sewers. This action is to enforce the assessment, and from a judgment in favor of the city the defendants have appealed.

Appellants contend that the city departed from the improvement for which the property holders petitioned, and that it was, therefore, without jurisdiction in the premises. It is urged that the petition was the necessary initiatory proceed-

ing by which the city acquired jurisdiction, and that inasmuch as it did not call for the lateral sewers, the city was without power to include them in the assessment district. Appellants collaterally attack the assessment proceedings, and unless the record manifestly discloses lack of jurisdiction to make the assessment, they are concluded. Any objections to mere irregularities should have been made before the city council and the errors corrected through the regular channels of appeal provided by law. *Alexander v. Tacoma*, 35 Wash. 366, 77 Pac. 686; *Aberdeen v. Lucas*, 37 Wash. 190, 79 Pac. 632.

The city contends that the objection made does not raise a jurisdictional question; that it affects only the amount of the assessment, and that it should therefore have been urged before the city council. It is not contended by the appellants that their property is not properly assessable for the Pacific avenue sewer, and we fail to find any contention that the extension of the laterals brought appellants' property within the district, when otherwise it would or might not have been included. The controversy therefore seems in effect to reach to the amount of the assessment only, and if that is true, then since the appellants were constructively before the council at the time of the hearing upon the confirmation of the roll, and since the records there disclosed the extent of the plans and also that the expense of the laterals was included, the objection should have been raised at that time. Even under appellants' theory that the city could not acquire jurisdiction except through the petition, jurisdiction was at least acquired to construct the sewer directly within Pacific avenue, and having jurisdiction for that purpose, the city was not devested of its power to make at least some assessment upon appellants' property, and it was their duty to make objections to the amount thereof before the council. It cannot fairly be said that appellants could have merely filed their petition and then have given the matter no further attention. Subsequent to the filing, the board of public works

reported to the city council in favor of the scheme of adding
the short lateral sewers to the improvement and of creating
an assessment district for the whole. The council then passed
an ordinance specifically providing for the construction of
the main sewer as well as the laterals and creating the assess-
ment district. This was not only a public record, but it was
also a public law of the city of which appellants were re-
quired to know. Having this knowledge and knowing that
the amount of their assessment might be affected by this en-
larged scheme of the ordinance, they should not now be heard
to object to the amount when they could have done so before
the council. Especially must this be the case since we have
seen the city had admitted jurisdiction to make an assessment
in some amount.

Aside from the foregoing, we believe a further argument
made in respondent's brief must prevail. The argument is
to the effect that, under the showing made in this record, no
petition of property owners was necessary as a preliminary
step to confer jurisdiction. The record shows that the ordi-
nance was passed by a vote of more than two-thirds of the
whole council. Section 1 of ordinance A1080, page 83, Code
and Charter of the City of Spokane, seems to give the council
plenary power to order the construction of sewers when the
ordinance is passed by the vote above mentioned. The sec-
tion is as follows:

"All petitions for the construction of main or trunk sewers
shall be filed with the board of public works. The construc-
tion of a main or trunk sewer, or sub-sewer, where the whole
or any portion of the cost and expense thereof is to be de-
frayed by the collection of special assessments upon the lots
or parcels of land benefited thereby, shall not be ordered, ex-
cept by an ordinance which shall have passed by a vote of at
least two-thirds of the whole council: *Provided*, That, when-
ever the owners of at least one-half of the property subject
to contribute to the cost of constructing said sewer shall file
a petition therefor, such construction may be ordered by ordi-
nance passed by a majority of the members present: *Pro-*

*vided further,* That the legal representatives of such owners may sign such petition for and on behalf of the owners."

It will be observed that the section in no place says that there must be a petition, but when there is one it shall be filed with the board of public works. It will also be observed that, if there is a petition by the owners of at least one-half of the property subject to contribute to the cost of the sewer, then the improvement may be ordered by ordinance passed by a majority of the council present. The manifest intention is that when there is a petition, a bare majority of the councilmen present may order the improvement, but when there is no petition it may be ordered by a vote of two-thirds of the whole council. Section 2 of the same ordinance is as follows:

"Whenever a petition for the construction of a main or trunk sewer or sub-sewer shall be filed with the board of public works the board shall ascertain if the signers thereof are the owners of at least one-half of the property subject to contribute to such improvement; and if they find such to be the fact, they shall report such petition to the city council with their recommendation as to the granting of the same. Such report shall contain a statement of the assessed valuation of the property owned by the parties signing the petition and an estimate of the cost of such improvement. Such report shall further set forth the reasons for the recommendations of the board with respect to granting or refusing the prayer of the petition. If the recommendation of the board of public works be that the prayer of the petition be granted, such board shall transmit with such report a map, plans and specifications for the proposed sewer. Whenever, in the absence of any petition, the council shall desire to order any main or trunk sewer or sub-sewer constructed, it shall, by resolution, direct the board of public works to prepare and transmit a report on such work, and said board shall, thereupon, prepare and transmit to the council such report, map, plans and specifications, in the same manner as if there had been a petition for such work and a favorable report by the board."

It will be observed that the last-quoted section provides that, when there is a petition, the board of public works shall

ascertain if the signers thereof are the owners of at least one-half of the property subject to contribute to the improvement. If they find such to be the fact, they shall report the petition to the city council with their recommendation that the same be granted. They shall also transmit with their report a map, plans, and specifications for the proposed sewer. Thus, in the case of a petition, the matter is first brought before the council through the report of the board of public works, with the plans and specifications already prepared, and these must also be accompanied by a statement from the board of the assessed valuation of the property owned by the parties signing the petition and an estimate of the cost of the improvement. But it is also provided that whenever, in the absence of a petition, the council shall desire to order the construction of a sewer, it shall by resolution direct the board of public works to prepare and transmit a report on such proposed work, with map, plans and specifications, in the same manner as if there had been a petition for such work and a favorable report by the board. Thus it is made clear that the council may, of its own motion and without a petition, initiate the proceedings. It is true, in such case it ordinarily by resolution orders the board of public works to prepare and submit a report, but in this instance there was a full report already before the council filed with the petition. The purpose of the resolution is to procure certain information through the board of public works, but inasmuch as that information had already been furnished by the proper authority, there was no occasion for the resolution. The resolution itself is not the necessary jurisdictional step to warrant action by the council, but the necessary thing is the presence before the council and the filing with the city as a public record of the map, plans, specifications and estimates prepared and transmitted by the board of public works. Having this information and this record before it, we think the council was invested with full power and jurisdiction to proceed without

regard to the petition, when two-thirds of all the councilmen voted to do so.

Another point urged by appellants is that property which should have been included in the assessment district was omitted. This also goes to the amount of the assessment only. Appellants' property was properly within the district and was subject to assessment. The assessment was made on the principles of benefits accrued, and if appellants' property was assessed too much and not ratably with other property similarly benefited, it was their duty to so inform the council and there object to the amount of the assessments.

We believe there was no error, and the judgment is affirmed.

FULLERTON, MOUNT, ROOT, and CROW, JJ., concur.