[No. 9591. Department Two. December 8, 1911.]

EDMONDS LAND COMPANY, *Respondent*, v. THE CITY OF
EDMONDS, *Appellant*.[1]

MUNICIPAL CORPORATIONS—ASSESSMENTS — JURISDICTION — LANDS
BEYOND CITY LIMITS. An assessment levied by a city for the con-
struction of a dike, under Rem. & Bal. Code, §§ 7955-7964, upon
property outside of the city is void, the city having no extraterri-
torial jurisdiction, in the absence of express statutory authority.

SAME—ESTOPPEL—JURISDICTION. A city cannot acquire jurisdic-
tion to levy an assessment on lands outside its limits by estoppel
through the fact that the owner of the lands petitioned for the im-
provement, as the petition would not justify any proceeding in
excess of the city's jurisdiction, especially where objection was duly
made to the unwarranted action at the first opportunity.

Appeal from a judgment of the superior court for Sno-
homish county, Black, J., entered December 21, 1910, upon
findings in favor of the plaintiff, in an action to cancel mu-
nicipal assessments, after a trial on the merits before the
court. Affirmed.

*S. J. White*, for appellant.

*Preston & Thorgrimson*, for respondent.

MORRIS, J.—The city of Edmonds appeals from the de-
cree of the lower court, canceling certain assessments, levied
upon property of respondent situate outside of the municipal
boundaries, to pay for the cost of building a sea gate con-
structed under the diking act of 1907, as found in Rem. &
Bal. Code, §§ 7955 to 7964. In the proceeding before the
court below, other questions were presented upon which it was
sought to set aside the assessment. The court, however, not
passing upon the other questions submitted, held that the
land being outside the city could not be assessed for an im-
provement undertaken as a municipal improvement. This
conceded fact seems to us so conclusive as establishing the
correctness of the decree that none other need be discussed.

[1]Reported in 119 Pac. 192.

The city of Edmonds has no extraterritorial jurisdiction. It cannot levy an assessment upon lands beyond its limits to pay for an improvement undertaken as a municipal improvement, even though it should be confessed that such outside lands were directly benefited. The power to levy an assessment upon lands benefited must be held to be a power to be exercised upon lands that are subject to municipal control. If it is sought to exercise purely municipal powers outside of its own limits, such authority must be derived from some proper authority clearly conferring it. No such authority has been called to our attention, and we know of none under which this assessment can be sustained. *Farwell v. Seattle*, 43 Wash. 141, 86 Pac. 217; *Farlin v. Hill*, 27 Mont. 27, 69 Pac. 237; *Durrell v. Dooner*, 119 Cal. 411, 51 Pac. 628; *Gilchrist's Appeal*, 109 Pa. St. 600; *Matter of Flatbush*, 60 N. Y. 398; *Deyo v. Newburgh*, 122 N. Y. Supp. 835; 28 Cyc. 1128.

It is contended by appellant that respondent is estopped from avoiding its assessment because F. R. Atkins, in whom the title to the land then rested as trustee for the owners, signed the petition asking for the improvement. The city could not acquire jurisdiction over these outside lands by estoppel. The petition could be nothing more than a request to the city that it proceed within the powers conferred upon it by law in making this improvement. It could not act as authority to the city to proceed beyond and outside of any legal authority. And when the city departed from the exercise of its legal powers, it could not justify its departure upon the authority of any petition requesting it to do so. *Howell v. Tacoma*, 3 Wash. 711, 29 Pac. 447, 28 Am. St. 83; *Schuchard v. Seattle*, 51 Wash. 41, 91 Pac. 1106; *Strout v. Portland*, 26 Ore. 294, 38 Pac. 126; *McLauren v. Grand Forks*, 6 Dak. 397, 43 N. W. 710; *Wakeley v. Omaha*, 58 Neb. 245, 78 N. W. 511; *Batty v. Hastings*, 63 Neb. 26, 88 N. W. 139; *Grant v. Bartholomew*, 58 Neb.

839, 80 N. W. 45; *Dallas v. Ellison,* 10 Tex. Civ. App. 28, 30 S. W. 1128.

We have examined the cases cited by appellant, and do not find that they sustain any contrary rule. *Aberdeen v. Lucas,* 37 Wash. 190, 79 Pac. 632, upon which strong reliance is placed, holds that one who petitions for a local improvement cannot question the validity of the assessment unless the city had no jurisdiction or so far departed from established methods as to lose jurisdiction. It will be noted that the invalidity of the assessment in question, in so far as it touches respondent's lands, is because of a lack of jurisdiction in the city, and hence within the exception in the *Aberdeen* case. Neither is *Travis v. Ward,* 2 Wash. 30, 25 Pac. 908, authoritative here. There, at the request of certain petitioners, county commissioners entered into a contract for the building of a road, and issued warrants in excess of the assessed valuation. It appeared that this was done in good faith at the request of petitioners, who, with full knowledge of the contract and all work done thereunder, permitted the work to proceed to completion and the warrants to issue. It was held that, having induced the commissioners to act and permitted the work to proceed without objection, they could not take advantage of their own wrong and enjoin the payment of the warrants. There could be no question in that case that the building of the road and the issuance of the warrants would subject the petitioners' property to the payment of the warrants, the property being within the district to be assessed.

Here, however, the property is not within the district to be assessed. There the petitioners stood idly by and permitted the work to be done and the warrants to issue upon the faith and credit of their property. They not only made no objection, but by their every act acquiesced in the proceedings. Here respondent makes its objection to the city council as soon as it appears that it is the intention of that body to assess lands outside of the corporate limits. In the

one case, petitioners not having spoken when they should, equity will close their mouths when they seek to take advantage of their own wrong.   In the present case respondent spoke at its first opportunity, and must be accorded its full legal rights.

Other cases cited by appellant are where a plea of *ultra vires* has been held unavailing because of performance.   We cannot see how this principle is involved in the case at bar. Neither do we think there is anything in *Barlow v. Tacoma,* 12 Wash. 32, 40 Pac. 382; *Wingate v. Tacoma,* 13 Wash. 603, 43 Pac. 874, and *Tacoma Land Co. v. Tacoma,* 15 Wash. 133, 45 Pac. 733, that militates against the rule here announced.   Each of those cases predicates an estoppel upon an equitable acquiescence in the proceedings complained of. In other words, one cannot complain of his own wrong, nor escape the effect of the cause he initiates.   No such rule could extend the assessable power of a city to lands beyond its boundaries, which is the point we are here dealing with.

The judgment is therefore affirmed.

DUNBAR, C. J., ELLIS, CROW, and CHADWICK, JJ., concur.