[No. 15278.   Department Two.   October 10, 1919.]

MARY F. ALLEN, *as Executrix etc., Respondent,* v. THE
CITY OF SPOKANE, *Appellant.*[1]

MUNICIPAL CORPORATIONS (269)—IMPROVEMENTS — ASSESSMENTS—
ACTION TO SET ASIDE. A property owner, in an action to cancel a
street assessment, may show that the property improved was not
a public street, since the city cannot acquire the property unless
the public necessity is judicially determined, nor unless its cost
can be found in assessments or within the city's debt limit.

SAME (256)—VALIDITY OF ASSESSMENT—ESTOPPEL. The fact that
a property owner petitioned for an improvement and made affidavit
that the property was a public street will not estop him from main-
taining an action to cancel the assessment when it is found that
the property improved was not public property.

HOLCOMB, C. J., dissents.

Appeal from a judgment of the superior court for
Spokane county, Huneke, J., entered November 30,
1918, in favor of the plaintiff, in an action to cancel the
assessment for a local improvement, tried to the court.
Affirmed.

*J. M. Geraghty* and *Alex M. Winston,* for appellant.
*Stephens & Jack,* for respondent.

FULLERTON, J.—This action was instituted by the re-
spondent, suing in her own right and in her capacity
as executrix of her husband's estate, to cancel an
assessment levied by the appellant, the city of Spo-
kane, upon real property, of which the respondent and
her husband, subsequent to the time the assessment
was levied, became the purchasers. The trial court
entered a judgment cancelling the assessment, and the
city appeals.

The facts are disclosed by the pleadings. On De-
cember 6, 1906, certain owners of real property in the

[1]Reported in 184 Pac. 312.

city of Spokane petitioned the board of public works of that city to cause that part of Spokane street lying between Sprague avenue and Third avenue to be improved at the expense of the owners of the property benefited, by grading the same to the established grade for the full width thereof and by building sidewalks upon each side thereof. The land now owned and represented by the respondent abutted upon the proposed improvement; it was then owned by one W. F. Mitchem, who joined in the petition for the proposed improvement. There seems to have been at that time some doubt in the minds of the city officials whether the way petitioned to be improved had been dedicated as a street, or was in fact a part of Spokane street, and to remove this doubt, Mitchem, with other abutting and adjacent property owners, filed affidavits with the board of public works, averring that the way had been "generally, habitually and universally traveled by the citizens and residents of the city of Spokane, and by the public at large, adversely, continuously and uninterruptedly for a period of more than eleven (11) years prior to the date of the affidavit; and that the same has been, during all of said time, and is now, used by said citizens of Spokane and the public at large as and for a public street." The city, in response to the petition, caused the way to be improved and caused the assessment now in question to be levied to pay the cost thereof. The proceedings leading up to the assessment, in so far as the record before us discloses, were regular; the notices required by the form of procedure then in force were duly given, and opportunity to protest against the improvement, the manner in which it was made, and the amount of the levies, were duly given the landowners whose property was assessed. No protest of any kind was made by the then owners of the property now owned by the respondents. The assess-

ment was made payable in ten annual installments, the first installment falling due on May 15, 1909. Of these installments, Mitchem paid three, namely, the installments falling due in 1909, 1910 and 1911, when he sold the property to the respondent and her husband. The new owners paid the installments falling due during the next four years, namely, the years 1912, 1913, 1914 and 1915. After the last payment, an action was instituted against the city by the person claiming the property improved as a street, wherein it was adjudged that the property was not, and never had been, a public street, but was the private property of the claimant. The present owners then demanded of the city a cancellation of the remaining installments of the assessment. The city refused to comply with the demand, and the present action was begun, with the result first stated.

For reversal the city makes two principal contentions; first, that the question whether the property improved as a street was actually a street cannot be litigated in this form of action; and second, that the respondent is estopped by the acts of her predecessor in interest in the property to question the validity of the assessment.

While the authorities upon the first proposition are not in accord, we think the better rule is that a property owner whose property has been assessed for a purported street improvement may, in an action to set aside the assessment, show that the property improved was not a public street. The cases which announce the contrary doctrine seem to proceed on the theory that the city can acquire the property, and thus make the improvement available to the public and of benefit to the property of the complaining owners. But whatever may be the rule in the states announcing that doctrine, in this state a municipality cannot acquire such

property as it wills for a public street, even though it provide for compensation to the owner for the property taken. By § 16 of article 1 of the state constitution, the question whether the use for which real property is taken is a public use is made a judicial question to be determined as such, without regard to any legislative assertion that the use is public, and while we have held that the determination of the proper municipal officers that the use is public is ordinarily conclusive upon the courts (*Tacoma v. Titlow*, 53 Wash. 217, 101 Pac. 827; *Tacoma v. Brown*, 69 Wash. 538, 125 Pac. 940; *Spokane v. Merriam*, 80 Wash. 222, 141 Pac. 358), the cases announcing the rule recognize possible exceptions. The power to decide clearly implies that the courts may decide contrary to the declaration of the municipal officers, and until the question is judicially determined, or the right to such determination waived, it cannot with certainty be said that the property assessed will have the benefit of the improvement.

There is, moreover, another reason for denying the principle for which the city contends. The city may not be able to exercise the power even if it so wills. In this state the power of taxation is limited. The city may find that the sum it can lawfully assess upon abutting property will be insufficient to meet the cost of acquiring the property, and may find that it cannot make up the difference from its general fund because of this limitation on its power of taxation. For the foregoing reasons it is possible that the city may never acquire the property on which the improvement is made, in which case the abutting property will not receive the benefit of the improvement, and clearly, as long as this possibility exists, there is no just principle upon which the assessment can rest.

In support of the second contention, the appellant relies upon the cases of *Barlow v. Tacoma*, 12 Wash.

32, 40 Pac. 382, and *Wingate v. Tacoma,* 13 Wash. 603, 43 Pac. 874. But these cases differ widely in their facts from the case at bar, and, we think, warrant the application of different principles of law. In them there was no question as to the city's title to the street on which the improvement was made, and, in consequence, no question that the property of the complaining owners received the benefit of the improvement. The defect was in the preliminary proceedings had by the city officers in the initiation of the improvement, and while the court, in the opinions cited, spoke of the defects as jurisdictional, all that was meant was that the preliminary proceedings were so far irregular as to justify a stoppage of the work by the property owners, had they acted in the proper manner and at the proper time. There was, therefore, no injustice in holding them estopped from questioning the assessments levied on their property, and the court could well hold that they were estopped from questioning the regularity of the proceedings by their act of petitioning for the improvement and by their failure to call attention to the defects in the procedure prior to the making of the improvement. Here the facts are different. The property improved as a street was, at the time of the improvement, and still is, in private ownership. The property of the complainant has not received the benefit of the improvement. If he is compelled to pay for the improvement he parts with property for which he receives no return. He had a right to rely on the city's assumption of ownership of the property it improved as a street, and clearly ought not to be held estopped from questioning the assessment, unless he was guilty of some fraud or concealment when he petitioned for and acquiesced in the improvement. As we said in *Edmonds Land Co. v. Edmonds,* 66 Wash. 201, 119 Pac. 192, the petition could be nothing more than a request

to the city that it proceed within the powers conferred on it by law in making an improvement; it could not act as authority to the city to proceed beyond and outside of any legal authority.

It is true in this instance the owner did something more than petition and stand by without protest. He made affidavit as to facts tending to show that the property was a public street, but this we cannot think alters the situation. It. is not asserted that he did not state the facts truthfully, and all that he stated in the affidavit that was fairly within his knowledge could be true and still the property not be a public street. The affidavits were but evidence tending to establish the fact of title. The ultimate question was one which the city was required to determine, and it was the only body which had the power to have it effectively determined. Since the title to the property was in doubt, it was the city's duty, before proceeding to improve it as a street, to remove the doubt. Having neglected this duty, it cannot be permitted to visit the loss upon another, who was innocent of wrong, and who had the right to assume that no duty required of the city had been neglected. Contrary to the contention of the city, therefore, we cannot conclude that the property owner was equally guilty with the city in causing the loss which must necessarily follow, or that he must bear it as the person who, by his acts, made the loss possible.

The judgment is affirmed.

MOUNT, PARKER, and BRIDGES, JJ., concur.

HOLCOMB, C. J., dissents.