KANEOHE RANCH CO., LIMITED, A CORPORA-
TION, v. KANEOHE RICE MILL COMPANY,
LIMITED, A CORPORATION; H. HACKFELD
& COMPANY, LIMITED, A CORPORATION; A.
HANEBERG, ADMINISTRATOR OF THE ES-
TATE OF L. AHLO, DECEASED; NANNIE R.
RICE AND DAVID RICE, HER HUSBAND; LA-
HELA AHLO; ANTHONY AHLO; S. N. CASTLE
ESTATE, LIMITED; TERRITORY OF HAWAII;
BATHSHEBA M. ALLEN; THE RIGHT REVER-
END LIBERT HUBERT BOEYNAEMS, BISHOP
OF ZEUGMA; J. A. MAGOON; ON TAI KEE,
WONG HUNG YEE, CHUN SAU MUN, LUM
HOO, LUM FAT, LUM YICK CHONG, YIM
CHON HANG, YIM TIN KONG, YIM HOY,
LUM MOK CHEE, AND C. LAI YOUNG, MAN-
AGER, COPARTNERS UNDER THE NAME AND
STYLE OF SUN TAI WAI; MAIKAI ALOIAU;
HALEAKA MAKAONI; BRUCE CARTWRIGHT,
TRUSTEE OF THE ESTATE OF E. KALELEO-
NALANI; WILLIAM HENRY; B. R. BANNING;
W. G. IRWIN; DORA L. EMERSON; E. A. Mc-
INERNY, W. H. McINERNY AND J. D. McIN-
ERNY, TRUSTEES UNDER THE WILL OF M.
McINERNY, DECEASED; HENRY H. PARKER;
WONG LEONG; AUKAI; SOPHIA K. WILEY;
LAPEKA POEPOE; JOHN BELL; MARY P. PA-
HUI; MRS. J. T. DOWNING; CHARLES SILVA;
CHONG LUM SUP; GEORGE WATSON; ROW-
LAND WATSON; JACOB WATSON; EMMA KE-
AKAHIWA; MARIA LIILII; CHING ON; KALUA
KAPUKINI; M. WAHINEOKAI; CHARLOTTE A.
CARTER; MARY A. CARTER; ALFRED W. CAR-
TER, TRUSTEE FOR RACHAEL A. CARTER; J.
O. CARTER; HENRY C. CARTER; SARAH C.
BABBITT; J. S. B. PRATT, SR., AND J. S. B.
PRATT, JR., JOSHUA D. PRATT, HESTER
PRATT, CATHERINE PRATT, DUDLEY PRATT
AND LAURA M. PRATT, MINORS; EMILIA
SILVA; THOMAS SILVA; SARAH SILVA; RO-

SIE O'HARA; MARY ANN HORNER; HATTIE DOAK; JOSEPH SILVA, EMILIA SILVA, JOHN SILVA AND GEORGE SILVA, MINORS; AND JOHN DO, RICHARD ROE, MARY BLACK, RACHAEL BLUE, JOHN OAHU, SAMUEL MAUI AND JAMES HAWAII, UNKNOWN OWNERS AND CLAIMANTS.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

ARGUED OCTOBER 10, 1911. DECIDED OCTOBER 25, 1911.

ROBERTSON, C.J.; PERRY AND DE BOLT, JJ.

WATERS AND WATER COURSES—*parties—reversioners.*

In a suit for the adjudication of water rights, under chapter 143, R. L., commenced by a lessee of an ahupuaa the holders of the reversionary interest may properly be named as parties defendant.

ID.—*allegations of petition—location of lands and time and place of diversion.*

In the petition in such a case it is unnecessary to set forth the precise location of the lands of the respondents, provided it is alleged that they are situate within the ahupuaa; nor is it necessary to allege the time of the commencement of the alleged unlawful diversion of water or the place of the taking.

ID.—*statement of existence of controversy.*

An allegation that the petitioner is the owner of and entitled to all the water of the stream in an ahupuaa except a definitely named quantity and that respondents are wrongfully diverting more than that quantity against petitioner's protest and under a claim of right, is a sufficient statement of the existence of a controversy justifying the maintenance of the suit.

ID.—*nature of proceedings under chap. 143, R. L.*

Proceedings before a circuit judge under chap. 143, R. L., for the settlement of a controversy concerning water rights were intended by the legislature to be simple, expeditious and inexpensive and were not intended to be characterized by the formal procedure of equity. The petition in the case at bar held sufficient.

OPINION OF THE COURT BY PERRY, J.

On March 25, 1910, the Kaneohe Ranch Co., Ltd., a corporation, filed its petition before one of the circuit judges of

the first circuit, sitting under the provisions of chapter 143 of
the Revised Laws, as amended by Act 56 of the Laws of 1907,
relating to settlement of controversies concerning water rights.
In the petition the Kaneohe Rice Mill Co., Ltd., H. Hackfeld
& Co., Ltd., and S. N. Castle Estate, Ltd., corporations, A.
Haneberg, administrator of the estate of L. Ahlo, deceased,
Nannie R. Rice and David Rice, her husband, Lahela Ahlo,
Anthony Ahlo, Bathsheba M. Allen and the Territory of Ha-
waii were named as parties defendant and the allegations in
brief were that the petitioner was the owner of certain waters
in the ahupuaa of Kaneohe, Oahu, that Ahlo in his lifetime
and since his death his administrator and the Kaneohe Rice
Mill Co., Ltd., had without right, but under a claim of right,
diverted a part of the waters belonging to the petitioner, and
that the remaining defendants claimed some interest in the
water of Kaneohe stream, but what those claims were or the
extent of them was unknown to the petitioner.    The prayer
was for an injunction and for such other relief as might be
appropriate.    Summons was issued returnable May 31, 1910.
The Rice Mill Co., Bathsheba M. Allen and the Territory de-
murred and the demurrers were sustained on the ground that
the petition failed to set forth "the name of the landowners or
occupants having an interest in the controversy  *  *  *  to-
gether with the whereabouts of each such landowner or occu-
pant, did not specify with exactness how much land in a por-
tion of the ahupuaa known as Waikalua was held by the peti-
tioner, was indefinite in its statement of the source and nature
of the water rights claimed by the petitioner and did not allege
that the persons named as defendants included" all of the land-
owners or occupants having interests in the controversy.

An amended petition was filed January 19, 1911, and the
hearing set for February 4.  In this second petition other per-
sons and corporations were named as parties defendant and
allegations were added, or made more specific, concerning the

area of certain kuleanas and other lands at Waikalua entitled to water. Lahela Ahlo, Nannie R. Rice and David Rice answered, but certain other defendants again demurred and their demurrers were sustained on the grounds that it did not appear that "all of the parties named include all of the landowners or occupants, having an interest in the controversy, known to the applicant; that certain allegations relating to the ownership of lands and waters by the petitioner were contradictory;" that "the ultimate fact or facts upon which such" (the petitioner's) "claim of ownership is based" should be set forth, and, apparently, that under the law the surplus waters of the ahupuaa claimed by the petitioner in its petition were not appurtenant to any portion of the ahupuaa and therefore did not pass to the petitioner under the leases under which it claimed.

Another amended petition was filed June 7, 1911, and citation issued for July 8. In this third petition additional persons are named as parties defendant. Of all the defendants thus before the court the petitioner says that they "are all the owners of land or occupants of the land within the said ahupuaa of Kaneohe and claim some interest in the said water of the Kaneohe stream, but what these claims are and the extent of the same is unknown" to it. Nannie R. Rice and David Rice again answered, but other defendants demurred and their demurrers were sustained, and, the petitioner declining to amend further, the bill was dismissed. From that order the case comes by appeal to this court.

The main allegations of the petition now before us are as follows: "That the defendant Nannie R. Rice is the owner in fee simple of the ahupuaa of Kaneohe, * * * being Royal Patent 7984, L. C. A. 4452, to H. Kalama, comprising an area of 9,500 acres more or less, and is also the owner of sundry ilis, grants and kuleanas in said ahupuaa and as such owner of said ahupuaa has the konohiki rights, is the owner and is entitled to all the water of said ahupuaa not appurtenant to

kuleanas within its limits as hereinafter set forth; that within the limits of said ahupuaa there are kuleanas and konohiki land amounting to 259.765 acres, nearly all of which is now cultivated in rice, but which was formerly taro land, and has the right to use waters of the Kaneohe stream hereinafter mentioned to the extent hereinafter set forth, of which kuleana and konohiki land the said Nannie R. Rice is the owner of 135.913 acres and is the lessee of 18.84 acres of said land; that said Nannie R. Rice, as such owner and lessee of said land which was formerly taro land, is the owner and entitled to water from said Kaneohe stream for said land so owned and leased in the amount hereinafter set forth in addition to being the owner of all the waters of said ahupuaa not appurtenant to and used upon said land, formerly taro land, above set forth, as the owner and konohiki of said ahupuaa;" that under certain leases specifically referred to, and copies of which are attached, Nannie R. Rice leased to J. P. Mendonca the ahupuaa of Kaneohe and certain other lands within the same and that by assignment these leases passed to the petitioner; and that Nannie R. Rice made direct to the petitioner certain other leases, copies of which are likewise attached, of the ahupuaa and of certain other lands within the same; that under * * * the aforesaid leases this petitioner as lessee is the owner and entitled to all the waters flowing in said Kaneohe stream, which stream lies within and flows through said ahupuaa of Kaneohe, excepting the waters appurtenant to and used upon said land, formerly taro land, other than such of said land as is owned or leased by said Nannie R. Rice and leased to this petitioner, which first named lands contain 105.012 acres, which said land, formerly taro land, is entitled to use not more than 20,000 gallons of water per acre per day;" and that Ahlo in his lifetime, and since his death his administrator and the Kaneohe Rice Mill Co. "have without right and against the protest of this petitioner and said defendant Nannie R. Rice and David

Rice, diverted from said Kaneohe stream water to the extent of five million gallons per day and have used the same and are using the same without right, but claiming the right so to use said water to furnish power for the rice mill of said Ahlo and his successors," his administrator and the Rice Mill Co., "to the injury of this petitioner * * * and by such diversion and use have deprived the petitioner * * * of the beneficial use of said five million gallons of water per day to its great damage."

The prayer is "that the rights of the parties be adjudicated and that it be adjudged that the defendants," the adminis-istrator and the Rice Mill Co., "are wrongfully diverting and using the said water in any amount so diverted and used exceeding 20,000 gallons per acre per day, necessary to irrigate the portion of the said 105.012 acres owned by them, that they be enjoined from using any of said water for said mill, and that petitioner be declared to be the owner as such lessee and entitled to the use as such lessee of all the water of said Kaneohe stream excepting such as is necessary to irrigate the said 105.012 acres aforesaid, not exceeding 20,000 gallons per acre per day; and for such other and further relief as your petitioner may be entitled to in the premises, as the nature of the case may require."

The grounds named in the demurrers are as follows: "(1) That it does not appear from said petition that the petitioner is entitled to the water therein claimed or to any such relief as is therein prayed for; (2) that it does not appear from such petition that the petitioner has suffered or will suffer any damage or injury by reason of any acts set forth in said petition; (3) that no controversy respecting water rights is set forth in said petition; (4) that there is misjoinder of parties in that defendants Nannie R. Rice and David Rice are improperly joined as parties defendant herein; (5) that the said petition is ambiguous, uncertain and unintelligible in that it fails to

set forth (a) the location of the lands alleged to have rights in and to the water of said Kaneohe stream, (b) that said lands having rights to the water of said Kaneohe stream are situated within and form part of the ahupuaa of Kaneohe, (c) the time when the diversion of the water from said Kaneohe stream commenced, (d) what use of the water from the said Kaneohe stream is desired by the petitioner, (e) at what point upon said Kaneohe stream the water alleged to have been diverted therefrom is diverted and taken by these defendants for the use of their lands, and (f) the exact nature and extent of the konohiki rights claimed by petitioner and referred to in paragraph 2 of said petition, and (g) in praying that this defendant be enjoined from using any of said water for said mill, and (6) that under the allegations of said petition it appears affirmatively that the water in the said Kaneohe stream belongs to the people and is not subject to private ownership and it does not appear that the plaintiff has heretofore appropriated such water for private use."

The order appealed from was based on grounds 1, 5 (a) and 5 (f).

Nannie R. Rice and David Rice were proper, even though not indispensable, parties defendant. Under the allegations of the petition they are the lessors of the petitioner and hold the reversionary interest in the ahupuaa and in any other lands held by petitioner as lessee. Section 2201 of the Revised Laws, as amended by Act 56 of the Laws of 1907, directs that the summons shall be served upon "each landowner or occupant having an interest in the controversy." These defendants have an interest in the controversy. It may be that neither Ahlo's administrator nor the Rice Mill Co. will set up or be able to prove any claim to the water diverted which shall be good as against the holders of the reversionary interest; but it may also be that one or both of the defendants named will set up and prove such a claim. They may prove, for example, that by ad-

verse use for more than the statutory period the diversion became rightful prior to the execution of the leases. This is said without considering or intimating whether the petitioner's lessors will be bound in case a prescriptive right is proved which commenced after the date of the lease or less than the statutory period before that date.

It was unnecessary for the petitioner to allege the precise location of the lands believed by it to be owned or occupied by the other respondents. It is alleged that they are within the ahupuaa and that their owners or occupiers claim certain rights to water from the Kaneohe stream. The petitioner is ignorant of the extent of those claims. It is sufficient that upon these allegations the parties so believed to have an interest in the controversy be notified to appear and present their claims. Each will have an opportunity to be heard in support of his own claim and by way of defense against the claims of the others if any conflict exists. It may well be that as between the greater number of the defendants no conflict will appear. Each claimant can, more conveniently than the petitioner and at less expense and with greater exactness, set forth the location and area of his land and the extent of the water rights claimed for it.

It is alleged that all of the lands owned or occupied by the respondents, on behalf of which water rights are believed to be claimed, are within the ahupuaa. It need not be alleged that they all form part of the ahupuaa. It may be that they do not. Kuleanas, while held as such, do not form a part of the ahupuaa even though situated within it.

The existence of a controversy is clearly alleged. It is averred that the petitioner is the owner of and entitled to all of the waters of the Kaneohe stream excepting the waters appurtenant to and used upon certain taro lands, containing an area of 105.012 acres, not exceeding, for such taro lands, 20,000 gallons of water per acre per day, and that Ahlo's administrator and the Rice Mill Co. are diverting five million gallons per day;

that the diversion of all such water exceeding 20,000 gallons per acre per day, necessary to irrigate the portion of the 105.012 acres owned by the defendants named, is wrongful and against the protest of the petitioner and under claim of right by the defendants. It would seem that this mere statement would suffice to show the existence of a controversy between the parties concerning their rights in the excess of water so diverted. Perhaps also a controversy is sufficiently alleged concerning the right of the two defendants named to use any of the water so diverted to operate a rice mill, but upon the latter point we express no opinion at this time.

It likewise sufficiently appears from the petition that if the petitioner is the owner of the water rights claimed by it the diversion complained of will, if allowed to continue, cause damage to the petitioner. The diversion, if continued for the period required by the statute of limitations under circumstances of hostility and otherwise so as to constitute an adverse use, would ripen into a right. See *Wong Leong* v. *Irwin,* 10 Haw. 265, 271; *Chafook* v. *Lau Piu,* 10 Haw. 308, 314; *Davis* v. *Afong,* 5 Haw. 216, 221, 222.

The time of the commencement of the unlawful diversion need not be alleged. Adverse possession, if claimed by any of the parties, is matter of affirmative defense. It is sufficient in order to justify the filing of the petition that there is a diversion at present, under claim of right, and that the right to so divert is disputed,—in other words, that a controversy exists.

Under grounds numbered above 1, 5 and 6, the main argument advanced by the respondents is that the leases to the petitioner of the ahupuaa and other lands did not pass the title to the surplus water on the theory that the latter is not appurtenant to the ahupuaa and that in any event is belongs, as the attorney-general claims, to the Territory, on the theory that the patent to the petitioner's predecessors in interest did not convey the water as an appurtenance, or, as some of the other respondents contend, to each and all of the kuleana holders and

other occupants of the land within the ahupuaa, to the extent at least that each such holder or occupier can make use of it, under section 366 of the Revised Laws, which reads as follows: "Where the landlords have obtained, or may hereafter obtain, allodial titles to their lands, the people on each of their lands shall not be deprived of the right to take firewood, house-timber, aho cord, thatch, or ki leaf, from the land on which they live, for their own private use, but they shall not have a right to take such articles to sell for profit. The people shall also have a right to drinking water, and running water, and the right of way. The springs of water, running water, and roads shall be free to all, on all lands granted in fee simple; provided, that this shall not be applicable to wells and watercourses which individuals have made for their own use." Section 2201, R. L., relating to water right cases, provides that "no summons shall be set aside or dismissed because of any technical informality, provided it shall set forth the time and place of hearing, and the nature of the right claimed, in terms sufficiently clear for the apprisal of all parties interested." The petitioner's statement of his claim complies with the requirements of this provision. It is clear that it claims all of the water flowing in the Kaneohe stream other than the water appurtenant to and used upon the 105.012 acres mentioned in the petition, not exceeding 20,000 gallons per acre per day. Whether that claim is well founded we shall not determine upon these demurrers. The contention relating to the failure of the patent to grant the water and that based upon section 366 are, as far as we are aware, advanced now for the first time in the history of these islands and would seem, at first thought at least, to be contrary to the decision rendered in *Haw. Com. & Sug. Co.* v. *Wailuku Sug. Co.*, 15 Haw. 675, 680, and perhaps, directly or indirectly, to other Hawaiian decisions. Consideration of these contentions should not be undertaken unnecessarily. Proceedings such as this, before a circuit judge sitting as a successor to the commissioner (under the law as it formerly stood) of

private ways and water rights, were intended by the legislature to be simple, expeditious and inexpensive. It was not intended that the formal procedure of equity should prevail. *McBryde Sugar Co.* v. *Koloa Sugar Co.,* 19 Haw. 106, 116, 117. The procedure attempted to be followed thus far before the circuit judge is quite as formal as could have been required in equity. The petitioner's claim is clearly stated. It may or it may not be good in fact or in law. The issues can be raised by answer or by an informal statement of claim. It may be that the facts developed at the trial will render unnecessary a consideration of the questions now sought to be raised by demurrer and thus greater expedition as well as simplicity will be attained.

Whether the intended use of the water by the petitioner is material to be considered depends upon whether the respondents' contentions concerning section 366 and the ineffectiveness of the patent to grant the water are sound.

In a proceeding of this nature the failure to allege the point at which the water is diverted from the stream is not fatal. The cause may well proceed to hearing without the allegation.

The order appealed from is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

*D. L. Withington* (*Castle & Withington* on the brief) for petitioner.

*C. H. Olson* (*Holmes, Stanley & Olson* and *Thompson, Wilder, Watson & Lymer* on the brief) for Kaneohe Rice Mill Co., Ltd., and certain other respondents.

*J. A. Magoon* (*Magoon & Weaver* and *N. W. Aluli* on the brief) for William Henry and certain other respondents.

*E. W. Sutton, Deputy Attorney-General,* for the Territory.