*E. C. Peters* for defendant.

---

KANEOHE RANCH COMPANY, LIMITED, A COR-
PORATION, *v.* KANEOHE RICE MILL COMPANY,
LIMITED, A CORPORATION; H. HACKFELD &
COMPANY, LIMITED, A CORPORATION; A.
HANEBERG, ADMINISTRATOR OF THE ESTATE
OF L. AHLO, DECEASED; NANNIE R. RICE AND
DAVID RICE, HER HUSBAND; LAHELA AHLO;
ANTHONY AHLO; S. N. CASTLE ESTATE LIMIT-
ED; TERRITORY OF HAWAII; BATHSHEBA M.
ALLEN; THE RIGHT REVEREND LIBERT HUB-
ERT BOEYNAEMS, BISHOP OF ZEUGMA; J. A.
MAGOON; ON TAI KEE, WONG HUNG YEE,
CHUN SAU MUN, LUM HOO, LUM FAT, LUM
YICK CHONG, YIM CHON HANG, YIM TIN
KONG, YIM HOY, LUM MOK CHEE, AND C. LAI
YOUNG, MANAGER, COPARTNERS UNDER THE
NAME AND STYLE OF SUN TAI WAI; MAIKAI
ALOIAU; HALEAKA MAKAONI; BRUCE CART-
WRIGHT, TRUSTEE OF THE ESTATE OF E. KA-
LELEONALANI; WILLIAM HENRY; B. R. BAN-
NING; W. G. IRWIN; DORA L. EMERSON; E. A.
McINERNY, W. H. McINERNY AND J. D. McIN-
ERNY, TRUSTEES UNDER THE WILL OF M. Mc-
INERNY, DECEASED; HENRY H. PARKER,
WONG LEONG; AUKAI; SOPHIA K. WILEY; LA-
PEKA POEPOE; JOHN BELL; MARY K. PAHAU;

MRS. J. T. DOWNEY; CHARLES SILVA; CHONG
LUM SUP; GEORGE WATSON; ROWLAND WAT-
SON; JACOB WATSON; EMMA KEAKAHIWA;
MARIA LIILII; CHING ON; KALUA KAPUKINI;
M. WAHINEOKAI; CHARLOTTE A. CARTER;
MARY A. CARTER; ALFRED W. CARTER, TRUS-
TEE FOR RACHAEL A. CARTER; J. O. CARTER;
HENRY C. CARTER; SARAH C. BABBITT; J. S. B.
PRATT, SR., AND J. S. B. PRATT, JR., JOSHUA D.
PRATT, HESTER PRATT, CATHERINE PRATT,
DUDLEY PRATT AND LAURA M. PRATT, MI-
NORS; EMILIA SILVA; THOMAS SILVA; SARAH
SILVA; ROSIE O'HARA; MARY ANN HORNER;
HATTIE DOAK; JOSEPH SILVA, EMILIA SILVA,
JOHN SILVA AND GEORGE SILVA, MINORS;
AND JOHN DOE, RICHARD ROE, MARY BLACK,
RACHAEL BLUE, JOHN OAHU, SAMUEL MAUI
AND JAMES HAWAII, UNKNOWN OWNERS AND
CLAIMANTS.

TAXATION OF COSTS.

ARGUED SEPTEMBER 5, 1912.              DECIDED SEPTEMBER 11, 1912.

ROBERTSON, C.J., PERRY AND DE BOLT, JJ.

COSTS—*division of, in water rights cases.*

In a water rights case the costs accrued in this court on appeal
from a ruling of the commissioner sustaining the demurrers of
certain respondents may in the discretion of the court be divided,
under the statute, in accordance with the circumstances of the
case.

OPINION OF THE COURT BY PERRY, J.

(Robertson, C.J., dissenting.)

This was a proceeding for the adjudication of water rights

under chapter 1439 of the Revised Laws as enacted by Act 56 of the Laws of 1907.   To the third (amended) petition certain of the respondents answered and others, including the Territory of Hawaii, demurred and the demurrers were sustained by the circuit judge sitting as commissioner of water rights.   Upon appeal to this court certain of the grounds of demurrer were overruled, the others the court deemed unnecessary to determine, the order appealed from was reversed and the cause remanded for further proceedings not inconsistent with the opinion.   20 Haw. 658.   Thereafter a lengthy trial was had at the conclusion of which the commissioner found that no controversy existed between petitioner and certain of the respondents who had demurred and adjudicated the rights of the respective parties in other instances, his determination upon the main issues being favorable to the petitioner and adverse to the Kaneohe Rice Mill Company and to the Territory.   From that decree an appeal was taken to this court by the Kaneohe Rice Mill Company and subsequently withdrawn.   The petitioner now presents a bill of costs, amounting in all to $55.45, incurred in consequence of the appeals from the order sustaining the demurrer, and asks that the costs be taxed against all the respondents who prosecuted appeals from that order.

Section 2203, R. L., as amended by Act 56, L. 1907, provides that in water rights cases "the costs may, in the discretion of the judge," who sits as commissioner, "be divided, or taxed to the losing party" and that "in case of appeal" to the supreme court "the final award as to costs shall abide the decision of the court."   This power to apportion the costs in accordance with the requirements of justice in view of the circumstances of each particular water case is, in our opinion, vested in this court on appeal as fully as it is in the commissioner at the trial.   Certainly if the appeal from the final decree had been prosecuted, this court would have been under the statute authorized to adjust the costs in question and all other costs in the case in view of the circumstances.   The mere absence of an appeal concern-

ing the main issues does not operate to lessen our power or to render applicable the stricter rule followed in ordinary actions or suits.

The respondents who were found by the commissioner to have had no controversy with the petitioner should not be required to pay any of the costs under consideration. The only respondents not in that category are the Territory of Hawaii and the Kaneohe Rice Mill Company. These two should bear these costs equally, but since costs cannot be taxed against the Territory (Act 63, L. 1907) one half of the amount of the bill is taxed against the Kaneohe Rice Mill Company and the loss as to the other half will remain on the petitioner where the law has placed it.

*D. L. Withington* for petitioner.

*A. A. Wilder, W. L. Stanley* and *C. R. Hemenway,* on behalf of *W. W. Thayer,* for certain respondents.

## DISSENTING OPINION OF ROBERTSON, C.J.

In order to a proper understanding and decision of the question involved here the section of the statute (R. L. Sec. 2203) must be read in its entirety for it is only upon such a reading that the intent of the legislature can be gathered. The section, as amended by Act 56 of the Session Laws of 1907, provides that "There may be taxed as costs in cases arising hereunder, besides the usual statutory costs as allowed by district courts for service, summons, oaths and otherwise, not over twenty cents a folio for copies of the evidence and decision either on appeal or as furnished to any party. The costs may, in the discretion of the judge, be divided, or taxed to the losing party. In case of appeal the final award as to costs shall abide the decision of the court." It is clear to my mind that the appeal referred to in that section is a general appeal involving the merits of the controversy for it is only upon such an appeal that the items of costs which are specifically mentioned would come before this court for review. And so in the case at bar, the plaintiff hav-

ing brought an appeal from an order sustaining demurrers, the only costs involved and the only costs which the plaintiff asks to have taxed are the costs of this court which were incurred in the proceeding in which the appellant prevailed. Under these circumstances I hold that the costs should be taxed in favor of the plaintiff and against the unsuccessful demurrants other than the Territory which is exempt. In other words, the costs should be taxed in favor of the party prevailing in this court against the unsuccessful parties, excepting, of course, the Territory, as in an ordinary action. I therefore dissent from the view taken by the majority.