FARLIN, APPELLANT, *v.* HILL, RESPONDENT.

(No. 1,396.)

(Submitted January 29, 1902. Decided June 13, 1902.)

*Municipal Corporations—Additions—Reserved Portions—In-*
*tention of Parties—Special Assessments—Persons Liable.*

1. Political Code, Sec. 4724, provides that whenever territory adjoining a city
   or town is surveyed and laid off into streets or blocks as an addition thereto,
   it may become a part of such city or town on filing the plat thereof. Section
   5000 declares that an accurate survey and plat of the land must be recorded.
   Section 5001 provides that the plat must show all streets, alleys, etc., and
   the width thereof, all grounds reserved for public uses, and give the dimen-
   sions of each lot and block. Sections 5004 and 5005 provide that the
   surveyor and the owner must attach their certificates to such plat. An
   owner surveyed certain land, and recorded his plat, showing lots and streets.

designated in colors, and a portion, not colored, marked "Reserved," which addition was accepted by the city. His certificate stated that he had surveyed the lots and streets shown in colors, and dedicated to the public the streets and alleys thereof. The surveyor's certificate stated that the colored shadings represented the lots, blocks, streets, and alleys. *Held,* that it was the intention of the owner in giving and the city in accepting the addition that the pieces of land not colored on the plat were to be excepted, and such pieces therefore did not become a part of the corporate territory.

2.    Where a certain tract of land was not a part of a city, and the owner was not entitled to the privileges of an owner of city lots, he was under no obligation to pay special assessments for a sewer constructed by the city in the street in front of such land.

*Appeal from District Court, Silver Bow County; William Clancy, Judge.*

INJUNCTION by William L. Farlin against William L. Hill, county treasurer of Silver Bow county, to restrain the selling of property for a sewer assessment. From an order dissolving a restraining order and refusing an injunction, plaintiff appeals. Reversed.

*Messrs. McBride & McBride,* and *Mr. Charles O'Donnell,* for Appellant.

*Mr. Edwin M. Lamb,* and *Mr. H. A. Bolinger,* for Respondent.

MR. JUSTICE MILBURN delivered the opinion of the court.

In 1891 plaintiff and appellant, being then the owner of the Columbia lode claim, in Silver Bow county, outside of the boundaries of the city of Butte,—that is, entirely without the limits and beyond the dominion of the city,—caused to be surveyed and platted a certain part of the said lode claim, as appears from the agreed statement of facts, the part of which material to this opinion being as follows:

"It is stipulated by and between the parties to the above-entitled action that the same may be submitted to the court

upon the following agreed statement of facts, which embraces all the evidence to be used on the trial thereof, in granting or refusing to grant an injunction:

"First. That the plaintiff herein, William L. Farlin, in the year 1891, caused to be surveyed and platted a part of the Columbia lode claim, patented, and by suitable proceedings for that purpose the same was annexed to the city of Butte as an addition to said city known as and called the 'Columbia Addition,' which said addition was duly accepted by the city council of the said city as the same had been platted and presented by said Farlin. That the exhibit hereto attached, marked 'Exhibit A,' contains a true and correct plat and survey of said addition as the same was annexed to said city, and said exhibit is hereby made a part of this statement of facts.

"Second. That the tract of land described in plaintiff's complaint lies within the exterior boundaries of said addition, but was at all times mentioned in plaintiff's complaint reserved by said Farlin for mining purposes.

"Third. That after the platting and acceptance by the city of Butte of said addition, an ordinance was passed by the city council of the city of Butte for the construction of a sewer along and under West Park street, in the said city, and immediately opposite the tract of land so reserved, lying directly west of Block No. 1 of said addition; said tract being 179 feet from east to west and 103 feet in depth from north to south. That afterwards the city council of the city of Butte by a resolution ordered the last above mentioned tract to pay a part of the expense of constructing said sewer, proportioned to its area; the amount of the said assessment, tax and interest, penalties and charges, claimed thereon by said city, being the sum of $762.25. That at the time said assessment was made the said tract of ground remained unimproved, not divided into lots, and not used or occupied by any person whomsoever for any other or different purpose, if at all, than for mining purposes; the said tract being a portion of the surface ground of the said Columbia lode claim, patented, as set out in the plat hereto annexed."

The said Exhibit A, mentioned in the foregoing statement of facts, is as follows:

"I, William L. Farlin, an unmarried man of Butte, Silver Bow county, Montana, do hereby certify that I have caused to be surveyed, subdivided and platted into lots, blocks, streets and alleys, as shown by the plat and certificate of survey hereto attached, the following described tract of land, to-wit: All of such portions of the Columbia lode mining claim, Lot No. 541, ·T. 3 N., R. 8 W., and the Saturn lode mining claim, Lot No. 367, T. 3 N., R. 8 W., shown in colors upon said plat, said tract of land taken together to be known as the Columbia Addition to Butte city, Montana, and the streets and alleys thereof

as shown on the said plat are hereby granted and donated to the use of the public forever.

"WM. L. FARLIN.

"Acknowledged January 8, 1891, before Wm. B. Scott, notary public, Silver Bow county, Montana. (Notarial Seal.) Regular.

"Malcolm McDonald, being first duly sworn according to law, deposes and says: That he is a surveyor, and that as such surveyor he executed the survey of the Columbia Addition to Butte city, Montana, as shown by the accompanying plat, between the 1st and 15th days of November, A. D. 1890, in accordance with an Act of the Legislative Assembly of Montana, approved March 14, 1889; that the blue shading represents the lots and blocks, the yellow shading the streets and alleys, and that the dimensions of all lots and blocks and the width of all streets and alleys are correctly shown on said plat.

"MALCOLM McDONALD.

"Subscribed and sworn to before me this 8th day of January, A. D. 1891.

(Notarial Seal.)  "WM. B. SCOTT, Notary Public.

"OFFICE OF THE CITY CLERK OF THE CITY OF BUTTE.
"County of Silver Bow, State of Montana | ss.

"I hereby certify that the plat of the Columbia Addition to Butte city, Montana, was duly and regularly approved by the city council of said city on the 4th day of February, A. D. 1891.

"In witness whereof, I have hereunto set my hand and affixed the corporate seal of said city this 4th. day of February, A. D. 1891.

"P. J. GILLIGAN, City Clerk.

"I, Joseph Harper, city engineer of the city of Butte, county of Silver Bow, state of Montana, do hereby certify that the Columbia Addition to Butte city, Montana, conforms with adjoining additions and parts of said city as already platted as near as the configuration of the ground will admit.

"Jos. H. HARPER, City Engineer.
"Butte, Montana, February 4, 1891.

."This plat is approved hereby this 4th day of February, 1891.

"John H. McQueeney, Chairman B. C. C.

"John Caplice, County Commissioner.

"Attest:   C. F. Booth, County Clerk."

The district court, having granted a restraining order, upon a hearing dissolved it and refused an injunction prayed for, to prevent the treasurer from selling the property in dispute to recover the amount of the assessment for special city improvements.

Upon appeal the plaintiff, and appellant, raises three questions, to-wit:

"(1)   That the city of Butte, under an ordinance providing for the making of improvements within a so-called improvement district, and assessing the cost of such improvements upon the land within said district, cannot properly include within such district a mining claim, or ground not used or occupied for lot purposes and which is not a part of the city or of any addition to the city; and further:

"(2) That the city of Butte cannot properly levy an assessment upon, or sell for such assessment, land used and occupied solely for mining purposes and which is not a part of the city or of any addition to the city; that before ground can be taxed or assessed for city purposes, it must be by some proper proceeding brought within the city limits and made a part of the city; and

"(3)   That even when ground is properly a part of the city and subject to assessment, it can only be assessed upon the basis of benefits received."

The only question necessary to be considered is, as raised in points 1 and 2, *supra,* to-wit:   Is the land in dispute in the city of Butte and under its dominion and control?   That is, did the appellant in and by his instrument of dedication and addition put the land into the city of Butte?   We think that he did not.   We are of the opinion that it is clear from the said instrument and acts of the parties, to-wit, the owner and the city,

that the owner did not intend to make the land part of the city, and that the city so understood.

Sections 4724, 5000, 5001, 5004 and 5005 of the Political Code are as follows:

"Sec. 4724. Whenever territory adjoining any incorporated city or town is surveyed, and laid off into streets or blocks as an addition thereto, upon filing the map or plat thereof in the office of the county clerk, said territory may become a part of such city or town, upon the approval of the mayor and a majority of the council indorsed thereon."

"Sec. 5000. Any person who may lay out any city, town or addition to any city or town, must cause to be made an accurate survey and plat thereof, and cause the same to be recorded in the office of the county clerk."

"Sec. 5001. The plat must show as follows: (1) All streets, alleys, avenues and highways, and the width thereof. (2) All parks, squares and all other grounds reserved for public uses, with the boundaries and dimensions thereof. (3) All lots and blocks, with their boundaries, designating such lots and blocks by numbers, and giving the dimensions of every lot and block. (4) The angles of intersection of all boundary lines of the lots and blocks, whenever the angle of intersection is not a right angle. (5) The location of all stone or iron monuments set to establish street lines. (6) The exterior boundaries of the piece of land so platted, giving such boundaries by true courses and distances. (7) The location of all section corners, or legal subdivision corners of sections within the limits of said plat. (8) The adjoining block corners of all surveyed and adjoining additions. In case no such section or subdivision corners are within the limits of the plat, it must show a connection line to some corner or initial point of the government surveys, if there be any within one mile of such townsite. All distances marked on the plat must be in feet and decimals of a foot."

"Sec. 5004. The surveyor must make and subscribe in the plat a certificate that such survey was made according to the provisions of this chapter, stating the date of survey, and verify the same by his oath."

"Sec. 5005.   The owner of the land so platted, or his duly authorized attorney, must make on such plat a certificate, to be known as 'The Certificate of Dedication,' which may be in the following form:  ——, do hereby certify that —— have caused to be surveyed, subdivided and platted into lots, blocks, streets and alleys, as shown by the plat and certificate of survey hereunto annexed, the following described tract of land, to-wit: (Here describe land included in plat) to be known and designated (here give full name of city, town or addition), and the lands included in all streets, avenues and alleys, and parks or public squares shown on said plat, are hereby granted and donated to the use of the public forever.   Dated this —— day of ——, A. D. ——; which must be signed by all the owners and acknowledged in the same manner as a deed."

From Exhibit A and the statement of facts it is apparent that the owner only intended to add to the city, and have the control of the city extended over, the streets, alleys, lots and blocks mentioned and depicted in the exhibit, and as colored yellow and blue, respectively; the parts marked "Reserved" not being colored at all.   It appears also that he complied with the provisions of the law in manner and form for the making and filing of the plat and instrument of dedication and addition. A tract of ground within the exterior boundaries of a city is not necessarily "within the limits of the city."   The District of Columbia might have been located entirely within the outside boundaries of the state of Maryland, but no one would then have described it as within the limits of Maryland.

The respondent declares that the property assessed, to-wit, one of the uncolored portions appearing on the plat marked "Reserved," is a part of the city and of the said addition, and that appellant's contention that it is not is in the face of the following clause contained in the agreed statement of facts, to-wit, "That the tract of land described in plaintiff's complaint lies within the exterior boundaries of said addition," and is opposed to the fact that "the plat shows the property to be surrounded by streets and alleys dedicated to the city, and also within the line marked thereon "City Limits.'"

The question is did the donor intend to except from the addition the pieces of land not "colored," and did the city, understanding such exception to be made, accept the addition as intended by the owner to be made? We cannot see how there could have been any other understanding. "The tract of land * * * lies within the exterior boundaries of said addition, but was at all times mentioned in plaintiff's complaint reserved by said Farlin for mining purposes." (Agreed statement of facts.) The mining claim was a lode claim. The tract was not colored on the plat. Only those portions colored yellow were to be streets or alleys, and only those parts colored blue were to be lots or blocks, as shown by the plat and its appended certificates, which are part of the statement of facts.

It is apparent to us that the intention of the donor was to donate part of the surface of the lode claim to the use of the city for streets and alleys, and to plat as lots certain other parts, all very clearly marked and designated by the use of lines and colors. He also, from abundance of caution, put the word "Reserved" upon each of these uncolored tracts which were not within the description of those parts added to the city, to-wit, the yellow and blue sections. If the colors had not been used and particularly mentioned as they were, then the use of the word "Reserved" on the plat might be ambiguous, and might mean that the tracts so marked were not platted into lots, but, being dedicated to the public, were reserved for parks or some other public use than alleys or streets; but when used in connection with the other description, and not being colored, it is simply, and very apparently, a fact that the tract assessed was "at all times mentioned in plaintiff's complaint reserved by said Farlin for mining purposes,"—that is, for the single purpose of a lode claim,—and was not intended to be included within the limits of the addition, or to be added to the territory of the city; and it is equally clear that the city must have accepted the addition with such understanding. To say that the city, by putting in a sewer in the new street, would benefit the tract assessed, and that the donor of the addition knew this when he filed the plat, and that this is a fact tending to prove that he

intended to add the assessed tract to the city, is not sound. It would not benefit the tract any more than a sewer laid in an outside boundary street would benefit a farm across the road from the city. The sewers of a city are of no use to those who do not live in the city, whether within the exterior boundaries of the city or not. The territory of a city does not need to be in a compact body. As we have intimated, the District of Columbia might have been located entirely within the exterior boundaries of the state of Maryland, if it had been so ceded and accepted.

From the way that the lots are numbered, it is further somewhat apparent that the owner platted the ground in such a way that if he or any other owner ever cared to add the rest of the lode claim surface to the territory of the city, it might conveniently be done.

The tract is not part of the city, and the owner has no more right to privileges, such as an owner of city lots would have, than a lode claim owner has whose property is opposite to the city, and binding on an outside boundary street. Thus, having no such privileges, he is under no obligation to pay taxes or special assessments to the city.

The city having accepted the plat with its eyes open to see and read what the plat and certificates plainly showed and declared, all of which it solemnly accepted, it cannot now exercise dominion over what was not turned over to the control of the city.

All that the books disclose in text of writers or in opinions of courts, in regard to the intent of the party making such additions, is devoted to the matter of streets, alleys and parks; but the principles announced by the books, as to such dedication, largely apply to the subject under consideration.

As is said in *Mayor, etc. of Baltimore* v. *Fear,* 82 Md. 256, 33 Atl. 638, citing numerous cases: "It has been decided by this court in a number of cases that, in order to make out a dedication, an intent on the part of the owner to dedicate his land to the particular use alleged is absolutely essential, and, unless

such intention is clearly proved by the facts and circumstances of the particular case, no dedication exists."

To conclude: It being the desire of Mr. Farlin to add the land depicted in yellow and blue to the territory of the city, he could not possibly do so without making a plat, and he could not draw the plat without having the uncolored tracts within the outside boundaries. To make his intention clearly apparent, he used colors and the word "Reserved," and carefully called attention to them in his deed making the addition and donation. If the city thought that the terms of the donation and addition were not favorable to the city, and were too favorable to the donor, it could have refused to accept the addition. It acted and must abide by its act of acceptance.

The tract assessed is not part of the city territory which is under the dominion and control of the city.

We have discussed somewhat the fact that in the statement of facts it is agreed that the assessed tract was reserved for mining purposes. We do not, however, consider that it is material for what purpose it was reserved if it was not added to the territory of the city. Reversed and remanded.

*Reversed and remanded.*