SHARKEY, RESPONDENT, *v.* CITY OF BUTTE, APPELLANT.

(No. 3,786.)

(Submitted January 10, 1916. Decided February 1, 1916.)

[155 Pac. 266.]

*Cities and Towns—Annexation of Territory—Inclusion of Unplatted Ground—Illegal Procedure—Direct and Collateral Attack—Injunction—Defective Decree—Harmless Error.*

Cities and Towns—Powers—When to be Denied.

1. Whenever there is a fair and reasonable doubt of the existence of a power, in a municipal corporation, either expressly conferred or necessarily implied, to do a certain thing, the doubt must be resolved against its exercise.

Same—Annexation of Territory—Inclusion of Unplatted Ground.

2. Under section 3214, Revised Codes, a city may not extend its boundaries so as to include unplatted ground.

Same—Illegal Procedure—Effect.

3. Proceedings had by a city to annex territory, a portion of which was unplatted, contrary to statutory provision (Rev. Codes, sec. 3214), were void *in toto.*

Same—Direct and Collateral Attack.

   4. Where the purpose of a taxpayer's action was to have proceedings looking to the annexation of territory to a city declared void *ab initio* and the city enjoined from assuming jurisdiction over the persons or property situated within unplatted territory illegally sought to be included, the attack was direct, and not collateral.

Same—Remedy—Injunction.

   5. Injunction *held* to be a remedy available to one whose taxes would be increased by an illegal inclusion of his property within the limits of a city.

Same—Resolution of Council—Untrue Statement—Effect.

   6. The recital in a city council's resolution that territory proposed to be annexed to the city was contiguous and platted, when such was not the fact, could not inure to the city's benefit, or preclude a resident of the territory attempted to be annexed, from any available remedy he would otherwise have.

Same—Defective Decree—Harmless Error.

   7. Error in a decree perpetually enjoining a city from assuming jurisdiction over territory illegally attempted to be annexed, without limiting its effect to the particular proceeding then at bar, *held* harmless.

   [As to the necessity that property to be annexed to city be adjacent thereto, see note in Ann. Cas. 1913D, 401.]

*Appeal from District Court, Silver Bow County; John B. McClernan, Judge.*

SUIT by John Sharkey against the City of Butte. Judgment for plaintiff; motion for new trial denied, and the defendant appeals. Judgment and order affirmed.

*Messrs. J. V. Dwyer, John A. Groeneveld* and *N. A. Rotering,* for Appellant, submitted a brief; *Mr. Rotering* argued the cause orally.

The proceeding amounts to a collateral attack. A collateral attack upon the city council's proceedings, like the one now before the court, cannot be maintained. Injunction might, perhaps, have been the remedy had the proceedings not been consummated, but at the moment the proceedings were consummated, not injunction, but *quo warranto,* was the remedy.

"The validity of the act of a town board in changing the boundaries of a town cannot be attacked in a collateral proceeding under Chapter 54, Laws of Wisconsin, 1883." (*Schriber* v. *Town of Langlade,* 66 Wis. 616, 29 N. W. 547, 554; *Powell*

v. *City of Scranton*, 227 Pa. 604, 76 Atl. 505; *Kayser* v. *Trustees of Bremen*, 16 Mo. 88; *School District* v. *Hodgin*, 180 Mo. 70, 79 S. W. 148; *Gardiner* v. *Benn*, 81 Kan. 442, 905, 105 Pac. 435; *Hatch* v. *Consumers' Co.*, 17 Idaho, 204, 40 L. R. A. (n. s.) 263, 104 Pac. 670; *Meffert* v. *Brown*, 132 Ky. 201, 116 S. W. 779, 1177.)

We believe that a fair construction of section 3214, Revised Codes, gives the city council authority to annex portions of unplatted ground together with platted additions, provided the proposed annexation is not disapproved by a majority of the resident property owners. It is true that the statute provides that maps or plats of the ground proposed to be annexed to a city must be on file in the office of the county clerk and recorder of the county in which the ground is situated. The plaintiff in his complaint alleges that no maps or plats of certain mining claims named had been placed on file. The burden to sustain this allegation was on him. This burden he failed to sustain, for nowhere in the record, either by evidence or stipulation, does it appear that the owners of said mining claims or unplatted ground had failed to file maps with the county clerk and recorder. (McQuillin on Municipal Corporations, sec. 286; *Chandler* v. *Kokomo*, 137 Ind. 295, 36 N. E. 847.)

*Messrs. Edwin M. Lamb* and *George B. Lesage*, for Respondent, submitted a brief; *Mr. Lamb* argued the cause orally.

"Ordinances annexing or detaching territory must be passed as required by statute, otherwise the proceedings are void. * * * And an ordinance annexing territory, part of which is subdivided into lots and part not so subdivided, is void *in toto* where the statute provides that only subdivided territory may be annexed in this manner." (28 Cyc. 200, 201; *Strosser* v. *City of Ft. Wayne*, 100 Ind. 433; *Forsyth* v. *City of Hammond*, 142 Ind. 505, 30 L. R. A. 576, 40 N. E. 267, 41 N. E. 950; *Chicago, B. & R. Co.* v. *City of Nebraska*, 53 Neb. 453, 73 N. W. 952; *State ex rel. Dawson* v. *City of Wichita*, 88 Kan. 375, 128 Pac. 369; *Armstrong* v. *City of Topeka*, 36 Kan.

432, 13 Pac. 843; *City of Topeka* v. *Gillett,* 32 Kan. 431, 4 Pac.
800; *Union Pac. Ry. Co.* v. *City of Kansas,* 42 Kan. 497, 22
Pac. 633; 20 Am. & Eng. Ency. of Law, 2d ed., p. 1153.)

"If annexation or other like proceedings are absolutely void
as for want of jurisdiction or for failure to comply with juris-
dictional requirements of the statute, they are subject to col-
lateral attack." (28 Cyc. 213; see, also, *Forsyth* v. *City of .
Hammond,* 142 Ind. 505, 30 L. R. A. 576, 40 N. E. 267, 41 N. E.
950; *City of Denver* v. *Coulehan,* 20 Colo. 471, 27 L. R. A. 751,
39 Pac. 425.)

MR. JUSTICE HOLLOWAY delivered the opinion of the
court.

In 1913 the city of Butte undertook to extend its boundaries
so as to include a portion of the southeast quarter, section 11,
and the west half of southwest quarter, section 12, township 3
north, range 8 west. One-half of this area was platted into
lots and blocks, while the remaining portion was unplatted.
At the instance of a resident freeholder of the district, the trial
court held the city's proceedings void and enjoined the exer-
cise of any municipal authority over the proposed addition, and
the city appealed. Two questions only are presented: (1)
May a city of this state extend its boundaries so as to include
unplatted ground? (2) Has plaintiff invoked an available
remedy?

1. It is the rule in this state that a city has only such powers
[1] as are expressly conferred or are necessarily implied
(*City of Helena* v. *Kent,* 32 Mont. 279, 4 Ann. Cas. 235, 80
Pac. 258; *State ex rel. Quintin* v. *Edwards,* 40 Mont. 287, 20
Ann. Cas. 239, 106 Pac. 695), and whenever there is a fair and
reasonable doubt of the existence of a particular power, the
doubt will be resolved against the municipality and the exercise
of the power withheld. (*Davenport* v. *Kleinschmidt,* 6 Mont.
502, 13 Pac. 249; *Helena etc. Ry. Co.* v. *City of Helena,* 47 Mont.
18, 130 Pac. 446.)

The only warrant for the authority sought to be exercised by the city in this instance is found in section 3214, Revised Codes, which provides: ''That any tracts or parcels of land, which have been or may hereafter be, platted into lots or blocks, streets and alleys, and the map or plat thereof filed in the office of the county clerk and recorder of the county in which the same is situated, and shall be contiguous to any incorporated city or town, may be embraced within the corporate limits thereof, and the boundaries of such city or town extended so as to include the same in the following manner: When in the judgment of any city or town council, expressed by resolution duly and regularly passed and adopted, it will be to the best interest of such city or town, and the inhabitants thereof, and of the inhabitants of any contiguous *platted tracts or parcels* of land, as aforesaid, that the boundaries of such city or town shall be extended, so as to include the same within the corporate limits thereof, the city or town clerk of such city or town shall forthwith cause to be published in the newspaper, published nearest such platted tracts or parcels of land, at least once a week for two successive weeks, a notice,'' *etc.*

It is unnecessary to enter upon any extended discussion of the meaning of this statute. The language does not admit of the application of any rules of construction or interpretation. In terms too plain to admit of doubt, it declares that before any territory is eligible for incorporation in a city by the extension of the city's boundaries to include it, such territory must be (a) platted into lots or blocks, streets and alleys; (b) a map or plat thereof must be on file with the county clerk and recorder; and (c) the territory must be contiguous to the city's limits. If further evidence were needed that we have accurately expressed the intention of the legislature, it will be found in the history of the statute itself. Section 3214 is section 1 of an Act approved February 21, 1905 (Laws 1905, p. 62), entitled: ''An Act to provide for the extension of the boundaries of any incorporated city or town so as to embrace and include contiguous platted tracts or parcels of land, and repealing sec-

tion 4726 of the Political Code of Montana." This section was intended as a substitute for section 4726, which it repeals and which provided for the annexation of "abutting and contiguous territory," without reference to whether it was platted or otherwise adapted to city or town purposes. Some of the disagreeable consequences following the exercise of the power apparently conferred by that section, and the incorporation within the exterior boundaries of a city of ground not platted and not intended for use as other property within the city, were illustrated in *Farlin* v. *Hill*, 27 Mont. 27, 69 Pac. 237. When we consider that the legislature which substituted section 3214, above, for section 4726, acted in view of the decision in *Farlin* v. *Hill* and deliberately changed the descriptive language from "abutting and contiguous territory" to "contiguous platted tracts or parcels of land," to then hold that it was still the intention to permit the corporate limits of a city or town to be extended so as to include unplatted ground, would impeach the intelligence of the legislators and render absolutely meaningless the language they employed. The first question must be answered in the negative.

2. The proceedings for the annexation of this territory were [3] valid or void *in toto*. Section 3214 provides for an expression of approval or disapproval by the resident freeholders of the territory sought to be annexed, and such expression was had in this instance; but the opinion was obtained upon the proposition to include all of the property mentioned above and not merely the platted portion. Indeed, it does not appear from the city's proceedings that the platted portion is even contiguous to the city's limits; and since it was not within the power of the city to include the entire tract, the proceedings were void from the beginning. This is in harmony with the general rule as expressed in 28 Cyc. 201, as follows: "An ordinance annexing territory, part of which is subdivided into lots and part not so subdivided, is void *in toto* where the statute provides that only subdivided territory may be annexed in this manner."

In the resolution adopted by the city council the property [4] is described as "contiguous platted tracts or parcels of land," and it is urged by counsel for the city that since the proceedings appear to be regular on the face, they are not subject to collateral attack. For the purposes of this appeal we may agree with counsel to that extent, but we do not agree with them that in the present suit plaintiff is making a collateral attack. The complaint recites in detail all the proceedings before the city council; describes the territory in controversy as it was described in the resolution, which was the foundation for the city's proceeding (substitute for Council Resolution No. 1011); alleges that a large portion of the territory has never been platted nor any map or plat thereof filed with the county clerk and recorder of Silver Bow county, and that more than fifty per cent of the resident freeholders of the territory expressed their disapproval to the city council. The prayer is that substitute for Council Resolution No. 1011 be declared to be void, that the property of plaintiff and others similarly situated be decreed to be without the city limits, and that the city be enjoined from exercising jurisdiction over the persons or property within the territory mentioned. The decree follows substantially this prayer. That this is a direct and not a collateral attack upon the city's proceedings does not admit of doubt. (*Jenkins* v. *Carroll,* 42 Mont. 302, 112 Pac. 1064; 23 Cyc. 1062.)

We are not aware of any statutory remedy conferred upon [5] the resident freeholder who objects to having his property included within the city's limits, and until the time arrives for final action by the city council he is not in a position to complain, for he cannot know what action the city will take until it has examined and considered the expressions of approval or disapproval by the resident freeholders of the territory affected, and section 3214 above contemplates that at the same meeting at which such expressions are submitted for the council's consideration, final action shall be taken. So that unless a suit in equity to have the proceeding annulled and the city restrained

from exercising authority over the proposed extension, is available, the objecting freeholder is remediless. It may be that, as a matter of public policy, a private citizen will not be heard to call in question the city's proceedings for minor irregularities or informalities; but where such proceedings are void *ab initio* for want of jurisdiction of the subject matter, as here, equity will afford relief to the property owner whose taxes would be increased if his property were included within the city's limits. (1 Spelling on Injunction and Other Extraordinary Remedies, sec. 719; 28 Cyc. 212, 213.) Upon principle, the decision in *Barnard Realty Co.* v. *City of Butte,* 50 Mont. 159, 145 Pac. 946, is decisive of this question.

The recital in the council resolution that this territory was [6] contiguous and platted, when such was not the fact, cannot inure to the city's benefit or preclude the plaintiff from any available remedy he would otherwise have. (*Forsythe* v. *City of Hammond,* 142 Ind. 505, 30 L. R. A. 576, 40 N. E. 267, 41 N. E. 950.)

The second question must be answered in the affirmative.

The decree entered by the trial court perpetually enjoins the [7] city, its officers and agents from assuming or exercising jurisdiction over the persons or property within this territory. The words, "in virtue of this proceeding," or their equivalent, should have been added; but when the decree is construed in the light of the pleadings, as it must be, it cannot be held to mean more than if such limiting terms had been employed. The error is more apparent than real, and harmless in any event.

The judgment and order denying a new trial are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SANNER concur.