L. L. McCANDLESS *v.* WAIAHOLE WATER COM-
PANY, LIMITED, AND KONG WAN LUM HO.

No. 2373.

Argued January 8, 1940.        Decided February 21, 1940.

Coke, C. J., Circuit Judge Buck in Place of Peters, J.,
Disqualified, and Circuit Judge Brooks in
Place of Kemp, J., Absent.

OPINION OF THE COURT BY COKE, C. J.

This case involves the ownership of a certain kuleana
containing an area of 2.5 acres situated at Waikane,
Island of Oahu. The kuleana was originally awarded by
the government to Kahinu under land commission award

number 5656 and is within the outer boundaries of the ahupuaa of Waikane, the latter having been granted to Edward O. Hall and Henry Diamond by royal patent number 464. Kuleana number 5656, together with numerous other kuleanas within the ahupuaa, was expressly reserved from the grant to Hall and Diamond. Subsequently, and in the year 1863, Hall and Diamond conveyed the land of the ahupuaa, consisting of several hundred acres, to a hui whose members became the owners of the property as tenants in common. Elani was one of the original hui members to whom the ahupuaa was granted. It appears that Mileka Kaikala became the owner of the Elani share in the hui and also acquired title to the kuleana. On June 7, 1907, by deed of that date, L. L. McCandless purchased from Mileka her share in the hui of Waikane and it is claimed by him that Mileka, in the same deed and for the consideration therein named, also conveyed the kuleana above described.

The deed in question was prepared under the directions of Mr. McCandless and was executed by Mileka on the Island of Molokai where she resided at the time and where she lost her life by drowning in July, 1909. It appears that upon acquiring the deed McCandless went into possession of the kuleana and retained it for approximately five years, during which time he harvested two crops of taro growing on the premises. It further appears that in 1912 and 1913 S. P. Kaikala and Joseph Keololani Bright executed deeds of the kuleana to one Apelahama Pauole and in the latter year Pauole went into possession and resided thereon until the year 1918 at which time he sold to one Kong Wan Lum Ho. In the year 1919 McCandless instituted in the circuit court of the first judicial circuit the present action in ejectment against Mrs. Lokai Pauole, Abraham Pauole, Jr.,

Kong Wan Lum Ho, and others, for restitution of the kuleana. In 1927 Kong Wan Lum Ho conveyed the kuleana to the Waiahole Water Company, the present defendant. Subsequently the complaint was amended by naming the water company as a defendant, since which time it has been treated as the sole defendant. By stipulation of the parties it was agreed that the case be tried, jury waived, upon the single issue of whether the second paragraph of the granting clause in the deed from Mileka to McCandless of June 7, 1907, operated to convey to McCandless the kuleana which was not a part of but was located within the boundaries of the ahupuaa of Waikane, as bounded and described in the amended complaint, and that the evidence to be adduced by all or any of the parties be confined to that issue and, accordingly as the court should find that the deed did or did not convey to the grantee in said deed the premises described in land commission award 5656, the court should render judgment for plaintiff or defendant, that is to say, if the court should hold that the said second paragraph in said deed did include the premises described in land commission award 5656, the plaintiff should have judgment and if the court should find that it did not include the premises described in the award, judgment should be for defendants and the limitation upon the subject of evidence to not operate upon the scope thereof, but all parties were privileged to offer all and every competent, material and relevant evidence touching the meaning of the words employed in the grant hereinbefore quoted and the English interpretation thereof.

The trial resulted in a decision and judgment in favor of McCandless from which the water company has brought the case to this court by writ of error. Appellant concedes that Mileka conveyed her interest in the hui lands

of the ahupuaa of Waikane to the appellee but denies that there was any conveyance to him of the kuleana described in land commission award 5656.

The deed in question, written in the Hawaiian language, contains two separate granting clauses, as follows: "1. O kela mau apana aina apau loa e waiho nei ma Kualoa, Apana o Koolaupoko, Mokupuni o Oahu i oleloia, i hoakakaia maloko o ka Palapala Sila Nui Helu 486, Kuleana Helu 5917, i hookoia no Poohiwa, kuu makuakane ponoi, a he ekolu apana; a i loaa mai hoi ia'u keia aina ma ke ano owau ka hooilina hookahi a Poohiwa i oleloia, a o Poohiwi kekahi inoa, kuu makuakane ponoi. 2. O kuu kuleana apau loa maloko o ke Ahupuaa o Waikane Palapala Sila Nui (R. P. Grant) helu 464, ma Koolaupoko i oleloia, ame kuu kuleana apau loa maloko o kela mahele aina a ka Hui Aina o Waikane, ma ia Ahupuaa no i oleloia, i ikeia mahele ma ka inoa o Elani, kuu keiki ponoi, a i kuleana hoi au i keia aina ma ke ano owau ka hooilina hookahi a kuu keiki ponoi o Elani i oleloia, i make. A ma keia kuai ana ua lilo pu kuu kuleana apau i ka ai kalo e ulu ana maluna o na aina e kuai ia nei."

At the outset the trial judge announced his unfamiliarity with the Hawaiian language and the appellee, having the burden of proof, properly undertook to render the granting clauses into English by witnesses purporting to be experts in the English and Hawaiian languages. The English version of the granting paragraphs, as given by these witnesses, is as follows: "1. All those pieces of land situated at Kualoa, District of Koolaupoko, Island of Oahu aforesaid, described in Royal Patent No. 486, L. C. A. No. 5917, granted to Poohiwa, my own father, there being three pieces: and came in my possession, I being the one heir of Poohiwa aforesaid, his other name being Poohiwi, my own father. 2. All my interest within the Ahupuaa of Waikane, Royal Patent (R. P. Grant)

No. 464, at Koolaupoko aforesaid, and all my interest within that land division of the Hui land of Waikane in the same Ahupuaa aforesaid, said share being known in the name of Elani, my own child, and of which I became possessed of, I being the one heir of my child Elani aforesaid, deceased. In this conveyance I have also conveyed all my interest to the taro growing on these lands I now convey."

There is no dispute between the parties in respect to the translation of paragraph one of the granting clause of the deed. The important issue between them has reference to the meaning of the word "maloko" as the same appears in paragraph two. The translation of the word "maloko" by appellee's witness in each instance is given the meaning of "within" or "inside of." Appellant's witnesses testified that while in the abstract the word "maloko" means "in"; "within"; "inside of"; "internally" (see Andrews-Parker Hawaiian Dictionary, p. 412), yet, as used in the deed in question and taken in the light of the context, "maloko" is the equivalent of "in" and the deed must be so translated. Appellee urged in the court below, as he does here, that by giving to the word "maloko," as that word appears in paragraph two, the meaning of "within" or "inside of" then, because the kuleana in question was located within or inside of the outer boundaries of the ahupuaa, it necessarily fell within the general description of the properties conveyed to McCandless and therefore the latter acquired title to the kuleana by virtue of the deed from Mileka. To the contrary see *Farlin* v. *Hill,* 27 Mont. 27, 69 Pac. 237. But regardless of the accuracy of this conclusion we think it clear that if the translation of the deed by appellant's witnesses is the correct one, that is to say, that the word "maloko," as used in paragraph two of the deed, means "in," then Mileka conveyed to Mr. McCandless nothing

more than her interest in the ahupuaa of Waikane and in the hui land and the title to the kuleana remained in her. "Kuleanas, while held as such, do not form a part of the ahupuaa even though situated within it." *Kaneohe Ranch Co.* v. *Kaneohe Rice Mill Co.*, 20 Haw. 658, 665. (See also *In re Title of Pa Pelekane*, 21 Haw. 175.)

At the trial the court, over the objections of appellant, permitted the introduction by appellee of the alleged translations of the deed in question by parties who were themselves not called as witnesses but whose versions of it were supplied by nonexpert third parties. The translation of the deed purporting to have been made by John H. Wise (not a witness) was introduced as appellee's exhibit 3.

Appellee's exhibits 4, 5, 6, 7 and 8 were introduced through P. D. Kellett, an employee in the office of appellee's counsel, who testified that he had received them from W. J. Coelho, H. H. Parker, C. F. Peterson, Stephen L. Desha and Henry Smith, respectively. The purported translations of Messrs. Parker and Desha were not even written by them but consist of notes made by Kellett as the result of a conversation had with these gentlemen. Aside from exhibit 3, these exhibits are not translations of the deed at all but are mere declarations of Messrs. Coelho, Parker, Peterson, Desha and Smith of their several opinions of the legal effect of the deed, made verbally or in writing to Kellett. As an illustration, Henry Smith, in a personal interview with Kellett, was asked by the latter this question: "Does the language employed indicate or admit of interpretation to the effect that K was conveying to M all her interests in lands within the ahupuaa of Waikane, and not included within the hui lands of Waikane?" A "Yes, all." (See appellee's exhibit 8.) Attached to and made a part of the exhibit is a letter written by Smith to Kellett containing the follow-

ing: "I construe this Deed to have conveyed THREE distinct landed rights 1st those at Kualoa 2d those in the District of Waikane; and 3d those within the Hui Land." From this it is clear that Mr. Smith was not translating the deed but was construing the legal effect of it. Appellee's exhibits 4, 5, 6 and 7 are also constructions and not translations of the deed.

Appellee's exhibit 3 was incompetent and should have been excluded because it violated the hearsay rule and upon the further ground that appellee was denied the right of cross-examination of Mr. Wise. "An opportunity for a thorough cross-examination is particularly essential in connection with opinion testimony, especially that coming from experts or alleged experts." 11 R. C. L. 646. (2 Wigmore, Evidence, p. 1695; 22 C. J. 722.) It is to be observed that all of the witnesses called by appellant as expert translators were subjected to rigid cross-examination by appellee's counsel testing their qualifications as well as the accuracy of their translations. Appellee's exhibits 4, 5, 6, 7 and 8 were incompetent, not only because they violated the hearsay rule and denied appellant the right of cross-examination, but upon the additional ground that they were merely the expressions of the opinions of Messrs. Coelho, Parker, Peterson, Desha and Smith of the legal effect of the deed and were thus a clear invasion of a function belonging solely to the court. Had these parties appeared as witnesses at the trial they might or might not have qualified as expert translators but in no event could they have given their opinions of the legal effect of the deed. In *John Ii Estate* v. *Judd,* 13 Haw. 319, 323, this court said: "The determination of what land was devised by that clause involves the construction of its language and, if the different elements of the description conflict, a decision as to what element shall prevail, and what one be discarded as *false demonstration.*

This is purely a matter of law which was for the court alone to determine. It was incompetent for the witness to express his opinion thereon, and this is what he would of necessity have done had he been permitted to answer. It was not a question of expert surveying. It may be that if the witness had been asked as an expert in Hawaiian the meaning of the word 'pa,' the question would have been proper; but each of the questions as put necessarily involved an expression of opinion on a matter of law, and for that reason was objectionable." That the introduction of these exhibits into the record was prejudicial to appellant is made obvious when considered in light of the fact that the trial court based its decision upon "all the evidence" and found that "the interpretation of paragraph numbered 2 consisting of two literary paragraphs contained in plaintiff's exhibit #3 is a substantially correct translation."

This court has held that "In this jurisdiction the Hawaiian language is not to be regarded as a foreign language, but as one of which the courts and judges must take judicial notice." *Hapai* v. *Brown,* 21 Haw. 499. In the same opinion the court further said: "In rendering the language of this will into English the trial judge was at liberty to use his own knowledge of the Hawaiian language and also to call to his assistance the official interpreters of the court and, if it was deemed advisable, other experts. That counsel were permitted to examine these interpreters and other experts in open court did not alter the situation. This court, likewise, must determine for itself the meaning of this will, and in translating the Hawaiian words into English, we are at liberty to resort, if necessary or convenient, to such trustworthy sources of information as may be deemed expedient, or to which our attention may be directed." To the same effect is *Brown* v. *Piper*, 91 U. S. 37, 42, where it is said:

"Courts will take notice of whatever is generally known within the limits of their jurisdiction; and, if the judge's memory is at fault, he may refresh it by resorting to any means for that purpose which he may deem safe and proper."

But there is a clear distinction between judicial notice and judicial knowledge, as illustrated by the case at bar. Here the court was required to take judicial notice of the language in which the deed was written but having no knowledge of that language and in order to ascertain the meaning of the deed it became necessary for the court to have the assistance of competent translators versed in both the English and Hawaiian language or, if practicable, to acquire the information from some other safe, proper and trustworthy source. Courts may of their own motion consult, in aid of their judicial knowledge, public official documents, dictionaries, encyclopedias, geographies, etc. (23 C. J. 169), and in so doing are not controlled or restricted by the rules of evidence. (*Brown* v. *Piper*, *supra*; 23 C. J. 169.) But "the court should exercise extreme caution in taking judicial notice of facts subject to proof without introduction of evidence in support of the same." *Fletcher, etc., Trust Co.* v. *American State Bank*, 196 Ind. 118, 135, 147 N. E. 524.

In the case at bar it is obvious that reference to Hawaiian dictionaries would have been of little assistance to a person unversed in the Hawaiian language because the word "maloko" has a number of alternative meanings and to render the word into English and ascertain its true meaning and effect, as used in the deed in question, a complete translation of paragraph two was necessary. The trial judge therefore properly left the translations of the paragraph in dispute to proof by the parties through the medium of expert witnesses. (See *Shafer* v. *Myers*, 215 Ala. 678, 112 So. 230.) This course of procedure

having been adopted, the testimony introduced by the parties became subject to all of the usual rules of evidence, including the right of cross-examination and the hearsay rule as well as to the safeguards which circumscribe the introduction of expert or opinion evidence.

Evidence was introduced by appellee to the effect that McCandless, after receiving the deed from Mileka, who at the time was residing on the Island of Molokai, entered into possession of the kuleana and harvested therefrom the growing taro. The evidence, however, is undisputed that Mileka also had planted taro on the hui land and hence ·there is no evidence to sustain the finding of the court that "unquestionably the taro mentioned in the deed and which was growing on the lands was that growing on the kuleana now in question." From the record we find nothing to indicate whether the taro conveyed was growing on the kuleana owned ·by Mileka or upon the hui lands in which she held a tenancy in common.

The court further found that "the contemporaneous acts of the parties namely, the grantee entering into the possession and cultivated the kuleana over a period of years and the grantor and her heirs acquiescing shows that it was so construed by them at the time." The record is entirely devoid of any evidence showing or tending to show that Mileka or her heirs knew that Mr. McCandless had entered into possession of or cultivated the kuleana or that they acquiesced in such possession or cultivation. The evidence is that at the time Mileka executed the deed to McCandless in 1907 she was residing on the Island of Molokai where, in 1909, she lost her life. Whether she, or subsequent to her demise her heirs, had knowledge of McCandless's possession or claim of ownership of the kuleana, the record is silent and the finding of the court is unsupported by any evidence.

324

For the errors above indicated the judgment appealed from is vacated and the cause is remanded to the court below for a new trial.

*A. G. M. Robertson* (*Robertson, Castle & Anthony* on the briefs) for appellant.

*I. M. Stainback* (*Stainback & Massee* on the brief) for appellee.