[No. 4434. Decided December 8, 1902.]

EMANUEL ANDERSON *et ux., Appellants,* v. WILLIAM P. HARPER, *Respondent.*

PLEADINGS — AMENDMENT DURING TRIAL.

The refusal of the court to permit plaintiffs to amend their complaint during trial does not show abuse of discretion, when the amendment would introduce a new element of damages in addition to those claimed in the complaint.

SAME — DISPUTED CONTRACT — EVIDENCE OF SURROUNDINGS.

Where the pleadings put in issue the terms of a contract between the parties, evidence of circumstances surrounding the contract is admissible.

CONTRACT TO ERECT BUILDING — ACTION FOR BREACH — EVIDENCE.

In an action for damages for failure to construct a building on community property according to contract, the wife cannot object to evidence of alterations made under an oral agreement in which she had not joined, since she would be bound by any contract made by her husband for the benefit of the community property.

SAME — STRIKING ALLEGATIONS OF REPLY.

The striking out of affirmative matter in the reply cannot be urged as error, when there was no testimony on the subject of the stricken matter.

SAME — INSTRUCTIONS — EXCEPTIONS.

Where the court had charged the jury that "unless the plaintiffs have established to your satisfaction by a preponderance of the evidence that there was a substantial failure on the part of defendant to comply with his contract, your verdict must be for defendant," an exception thereto which recites that plaintiffs except to "that part of the instructions wherein the judge says that if the defendant has substantially performed his agreement," etc., was not properly taken, since it attributes to the court language not used by it and which conveys a different meaning than that employed.

Appeal from Superior Court, King County.—Hon. GEORGE MEADE EMORY, Judge. Affirmed.

*Othilia G. Carroll* and *Carroll & Carroll,* for appellants.

*McClure & McClure,* for respondent.

The opinion of the court was delivered by

DUNBAR, J.—The substance of the complaint in this case is that the appellants are owners of a certain lot in the city of Seattle, and that they engaged respondent to effect a loan and construct a dwelling house thereon. Respondent was to have the exclusive management of the financing and construction of the house. The plans and

specifications were agreed upon, and the construction of the house was proceeded with to completion under respondent's supervision.    It is alleged that the respondent did not construct the dwelling according to the contract, specifications, and plans thereof; that, owing to the poor construction of said dwelling and consequent exposure to cold and dampness, appellants were made sick; and that, because of respondent's negligence in locating the house upon the lot, the house had to be removed, to their damage; and demand is made for the recovery of damages for breach of the contract.    The respondent admits the employment, but denies that he was to, build under any particular specifications, and alleges that the house was to be a duplicate of a certain other house agreed upon by the parties to the contract; that he did build the house according to the contract, and that the appellants accepted the same; that a complete settlement was made, and the amount found due the respondent was paid to him by the appellants.    The affirmative allegations of the answer were denied by the reply, and affirmative matter set up in the reply, which was afterwards stricken out by the court on motion of the respondent.    The cause went to trial, and a verdict was rendered in favor of defendant.

Appellants' first assignment of error is the action of the court in refusing their application for leave to amend their complaint so as to include damages for delay in the completion of their dwelling.    This would have introduced into the trial a new element of damages, which the defendant had not had an opportunity to answer, and the discretion of the trial court in permitting or refusing amendments during the trial is so large that this court has never interfered with it, except when it appeared that such discretion was abused.    A perusal of the pleadings as

a whole does not convince us that the court abused its discretion in overruling this motion.

We think there is no merit in the second contention,—that the court erred in allowing the introduction of certain testimony. The testimony was an explanation, offered by respondent, of circumstances surrounding the contract, and, as there was a direct conflict between the allegations of the complaint and the answer in regard to what the contract was, we think the testimony was admissible.

As to the third assignment there was no error in permitting respondent to prove an alleged oral agreement to which the wife was not a party, for, in any event, the wife would be bound by any contract made by her husband for the benefit of the community property, and she would also be estopped, under the testimony in this case, from refusing to pay for the changes made, after standing by and seeing the work expended.

The record in this case is so indefinite that it is difficult to tell what instructions were excepted to by the appellants. Many of the instructions which the court refused to give, and which refusal is assigned as error by the appellants, were, in substance, given by the court, and we have uniformly held that the court is not required to announce the law in any particular form of words. This, we think, applies to the fifth and sixth instructions asked by the appellants, and the fourth instruction asked for was properly refused for the reason that there was no attempt on the part of the respondent to prove that he had built according to the plans and specifications alleged in appellants' complaint. The sixth instruction was substantially given by the court. The court's instructions are too long to set forth in this opinion, but we think the law governing the case was properly announced in such instructions. The affirmative matter of the reply was properly stricken out

for the reason that there was no testimony on the subject embraced in the reply, and that therefore there was no contention in that regard.    There were no proper exceptions taken to appellants' assignments of error numbered 10, 11, 12 and 13.    With reference to assignment 10 the court instructed the jury, among other things:    "Unless the plaintiffs have established to your satisfaction by a preponderance of the evidence that there was a substantial failure on the part of Harper to comply with his contract, your verdict must be for the defendant."    The exception to this instruction was as follows:    "Plaintiffs except to that part of the instructions wherein the judge says that, if the defendant has substantially performed his agreement," and, continuing, the exception is as follows: "and that plaintiffs except to that part of the instructions in relation to the settlement between plaintiffs and defendant, and plaintiffs except to that part of the instructions wherein he said that, if defendant has shown that he has substantially duplicated the Edwards house," and that is the extent of the record as showing exceptions to the instructions given.    It will be seen that the court did not use the language attributed to it by the appellants, viz., "has substantially performed his agreement."    There might, and probably would, be a difference between the substantial performance of his agreement and the substantial failure to comply with his contract.    But even if the exception were properly taken, we think the instruction of the court was correct.    The instructions of the court presented all the claims of the appellants to the consideration of the jury, and, considering the whole instructions together, no error was committed either in the giving or refusing of instructions.

An examination of the testimony in the cause convinces

us that sufficient testimony went to the jury to warrant the verdict which was rendered.

The judgment is affirmed.

REAVIS, C. J., and FULLERTON, ANDERS and MOUNT, JJ., concur.