[No. 14172.   Department One.   May 9, 1918.]

IN RE PETITION OF THE CITY OF SEATTLE.
THE CITY OF SEATTLE, *Respondent,* v. WASHINGTON
REFINING COMPANY, *Appellant.*[1]

EMINENT DOMAIN — DAMAGES — INSTRUCTIONS.  In condemnation
proceedings for an alley which divided appellant's plant into two
tracts, upon an issue as to the damage to the remainder, a requested
instruction to the effect that the jury should not consider the fact
that the city might grant a permit to connect the two tracts by
overhead or underground crossings is not covered by a general in-
struction that the abutting property owner has no greater rights
to the alley than any other inhabitant of the city; and it is error
to refuse the request where evidence of the damage was based upon
the assumption that the owner had no right to make the connection.

SAME.  Such requested instruction is not covered by an instruc-
tion that the jury might consider damages caused by compliance
with any ordinance of the city governing the erection of such plants
as the owners, where it referred to fire ordinances in evidence and
not to any ordinance permitting connections over or under the alley.

APPEAL—RECORD—INSTRUCTIONS.  Where all the instructions were
not embodied in appellant's abstract on appeal, they may be brought
up in a supplemental abstract or in the record.

Appeal from a judgment of the superior court for
King county, Smith, J., entered December 29, 1916,
upon the verdict of a jury awarding damages in con-
demnation proceedings.  Reversed.

*Tucker & Hyland,* for appellant.

*Hugh M. Caldwell* and *James A. Dougan,* for re-
spondent.

MAIN, J.—This is a proceeding instituted by the city
of Seattle, under its power of eminent domain, for the
purpose of taking a strip of land thirty-nine feet wide
to be used as an alley.  The appellant, the Washington
Refining Company, was the owner of a portion of the

[1]Reported in 172 Pac. 1161.

property through which the proposed alley was to be extended. This property consisted of a tract, rectangular in form, about 130 or 140 feet by 240 feet. It was bounded on the east by Westlake avenue, on the west by Dexter avenue, and on the south by Highland drive. The property was used for a storage and distributing station for gasoline, lubricating oils, kerosene, distillate, and other petroleum products. The property, before the alley was proposed, consisted of one industrial unit, and after being separated by the alley it would consist of two such units. In other words, the property now devoted to the purpose specified will, after the alley is established, instead of being one tract of land, consist of two of approximately the same size on opposite sides of the alley. The evidence as to the value of the land taken was not disputed by the appellant. No damages were allowed by the jury to the property not taken by reason of the severance of the property taken.

The appeal presents only questions as to whether there was error relating to the question of the assessment of damages to the portion of the property not taken. The proposed alley passed over the property of a considerable number of persons other than the appellant here; but since there is but the one appeal, no reference need be made to other property owners affected by the improvement.

It is first argued that there was no competent testimony in the case to warrant a verdict of no damage to the remainder. Whether the remainder was damaged was, of course, a question of fact, the city's witnesses testifying that there was no such damage, and the appellant's witnesses testifying that there was damage in a considerable amount. Even though it might appear that the weight of the testimony upon this ques-

tion was with the appellant, yet it was a matter for the jury to determine. It cannot be here held, as a matter of law, that there was no evidence to sustain the verdict.

A number of the assignments of error relate to the failure of the court to give certain requested instructions and to certain instructions which were given. Upon the question of damage to the remainder, the appellant requested an instruction to the effect that, in determining such damage, the jury were not to take into consideration the fact that the city might at some future time grant a permit to the appellant to connect the operations in the two units of its plant, separated by the alley, by either an overhead crossing or underground conduits. The respondent does not seem to question the correctness of this request, but claims that it was covered in an instruction given, wherein the jury were told that, when the alley was taken for street purposes, the city became the owner of the fee thereof, and the owners of abutting property had no greater rights to the use of such alley than any other inhabitants of the city. It does not seem to us, however, that this instruction covers the ground contained in the request which was refused. To say that the abutting property owner has no greater rights to the alley than any other inhabitant of the city is not the same thing as telling the jury that, in determining damages to the remainder, they should not take into consideration the fact that the city might at some future time permit an overhead crossing or underground conduit. It must be remembered that in this case it was not proposed by the city in any legally binding form, or at all, to grant to the appellant the right to such overhead crossing or underground conduit. The requested instruction was appropriate in the light of the evidence taken. When the appellant's engineer was testifying in chief,

he was asked in substance whether his testimony as to damage to the remainder was based on the assumption that the appellant had no right to connect the two units of the plant by crossing the alley either overhead or underground, and answered in the affirmative. On cross-examination, over objection, he was asked whether, if the city should permit such a crossing of the alley, it would modify the amount of damage to the remainder. In view of the fact that the city did not bring into the case, in any legally binding form, the fact that it would in the future grant such a permit, it seems to us that the jury should have been expressly told that they should not take that fact into consideration in determining damages to the remainder.

The respondent refers to another instruction in which the jury were told that, if they found from the evidence that any ordinance of the city governs the erection of such plants as the Washington Refining Company, they should, in arriving at their verdict, take into consideration such damages, if any, as might be caused in order to comply with such ordinance of the city. This instruction obviously does not relate to any ordinance under which the appellant might obtain a permit either to arcade the alley or to cause pipes to be placed thereunder; but it unquestionably does relate to the fire ordinance which was introduced in evidence. Even though it did relate to the permit ordinance, if there be such, it still would not cover the question. As already pointed out, this record does not show that the city is legally bound to grant a permit, and, in the absence of such a showing, the fact that it might at some future time, in its discretion, grant such permit had no proper place in this case. The instruction requested, or one of like import, should have been given.

10—102 WASH.

But the respondent claims that the question as to the requests refused and the instructions given is not properly here because all of the instructions are not embodied in the appellant's abstract. They do, however, appear in the supplemental abstract, as well as in the record. All the cases cited by the respondent upon this question were decided prior to the passage of the abstract law and were cases where all of the instructions given were not embodied in the record. As to the other assignments of error not here specially mentioned, relating to the requests refused and the instructions given, it may be said, without reviewing them in detail, that we find no error in the instructions given; and as to the requests refused, in so far as they were applicable to the case and correctly stated the law, they were sufficiently covered by the instructions given.

The judgment will be reversed, and the cause remanded with direction to the superior court to grant a new trial.

ELLIS, C. J., PARKER, FULLERTON, and WEBSTER, JJ., concur.