[No. 15275. Department One. July 2, 1919.]

BLOMSKOG, ERICKSON & COTTON, *Appellant,* v.
THE CITY OF SEATTLE, *Respondent.*[1]

MUNICIPAL CORPORATIONS (190, 194)—DAMAGES—REMOVAL OF LATERAL SUPPORT—DEFENSES. It is no defense to an action against a city for damages to abutting property through a regrade of a street, removing plaintiff's lateral support, that plaintiff petitioned for the improvement, and evidence thereof would have been error tending to confuse the jury on the subject of the damages.

SAME (190, 197) — DAMAGES — REMOVAL OF LATERAL SUPPORT — EVIDENCE—ADMISSIBILITY. In an action against a city for damages to abutting property through the regrade of a street removing plaintiff's lateral support, it is inadmissible for the city to show its intention and future plans for taking care of the situation or to allow expert real estate witnesses to answer questions based thereon.

EVIDENCE (214)—OPINIONS—BASIS OF. It is improper to ask experts hypothetical questions based on theoretical conjecture of the witnesses.

TRIAL (55-2) — TAKING CASE FROM JURY — PARTICULAR ISSUES. Where no evidence is given to support an affirmative defense, it should be withdrawn from the consideration of the jury.

Appeal by plaintiff from a judgment of the superior court for King county, Smith, J., entered June 29, 1918, upon the verdict of a jury rendered in favor of the plaintiff, in an action in tort. Reversed.

*O. L. Willett* and *John A. Soule,* for appellant.

*Walter F. Meier* and *Frank S. Griffith,* for respondent.

MACKINTOSH, J.—Appellant is the owner of property at the northeast corner of Main street and Tenth avenue, in the city of Seattle, upon which is located a building used for residential purposes. In 1909 and 1910, the respondent regraded Jackson street, which runs in an easterly and westerly direction, parallel to and one

[1]Reported in 182 Pac. 571.

block south of Main street, and in that work made a seventy-two foot cut south of appellant's property. Following this cut, the hill between Main and Jackson streets began to slide, and continued in that condition up to the time of the trial of this case. In 1916, this slide invaded the appellant's property and has taken the southern portion thereof, and with it a part of the foundation and walls of the building. After having duly presented a claim against the respondent, appellant instituted this action to recover damages, alleging that the rental income of its property had been diminished, up to the time of the trial, to the extent of $12,518, and that its property had been further damaged in the sum of $19,200. The jury returned a verdict in the sum of $3,500, which the appellant, feeling to be inadequate, asks this court to set aside, insisting that the trial court was in error in denying its motion for judgment notwithstanding the verdict for the full amount prayed for in its complaint, or at least for a new trial on account of various errors claimed to have been committed.

At the trial respondent contended, and was allowed to prove, that it was then boring test holes in Washington street, which is the street parallel to Main and next north of it, for the purpose of locating the water in the hill lying above the appellant's property, and that the city intended, if water was so located, to provide means of draining such water. There was also admitted testimony to the effect that a petition had been circulated and signed by property owners and subsequently filed with the city asking for the regrade of Jackson street. This evidence did not go to the extent of showing that appellant had been a signer of that petition, and even if it had been so shown, the testimony would not have been admissible for the reason that it is no defense by the city to its

unlawful invasion of appellant's property to show that the work which occasioned such invasion had been commenced upon the request of petitioning property holders, who in their petition called upon the city to exercise its legal powers for undertaking the regrade project. *Edmonds Land Co. v. Edmonds,* 66 Wash. 201, 119 Pac. 192. The introduction of such evidence would only tend to confuse the jury and was prejudicial to appellant, in that it allowed the jury to speculate and set off against the damages to which appellant was entitled possible benefits that were not in issue in the case.

The error in admitting testimony as to the future intentions of the city and the possible results that might follow to the appellant in the event that those intentions took the form of performance presents a serious mistake by the trial court of sufficient importance to entitle the appellant to a new trial. In this connection, the jury was instructed that, "in reaching your conclusion on this point, you may take into consideration the plans and efforts now undertaken by the city to prevent or relieve the neighboring slide, whether or not this will prove effective for the purpose, so far as it affects the plaintiff's property." City officials were allowed to answer the question: "What is your intention as regards the Jackson street slide, known as the Blomskog property?" by stating what their hopes and expectations were, which were not based upon any authoritative official action of any branch of the city government. Such testimony invited the jury to browse in a boundless expanse of theoretical conjecture and afforded the appellant no opportunity to close the gates. *In re Seattle,* 102 Wash. 286, 172 Pac. 1161. The respondent was allowed to ask a real estate expert a hypothetical question based upon such evidence. It needs little citation of author-

ity to demonstrate the impropriety of such a question. 1 Wigmore, Evidence, page 672.

Among its affirmative defenses, respondent had plead·that the injury to appellant's property was due to its failure to maintain a sewer. Upon the trial, no evidence was introduced in support of this defense, and the appellant requested that the defense be withdrawn from.the jury's consideration. This was denied when it should have been granted. *Anderson v. Harper*, 30 Wash. 378, 70 Pac. 965; *Roe v. Standard Furniture Co.*, 41 Wash. 546, 83 Pac. 1109; *Scarpelli v. Washington Water Power Co.*, 63 Wash. 18, 114 Pac. 870; *Marks v. Seattle*, 88 Wash. 61, 152 Pac. 706.

For these errors the appellant is entitled, at least, to a new trial, and there only remains for consideration the question as to whether it is not entitled to a judgment for the entire amount sued for. The consideration of this question calls for an examination of the facts, which, in our judgment, are such that the court was correct in denying the motion and leaving to a jury the determination of the amount of damages.

The judgment is therefore reversed, and the cause remanded for a new trial.

HOLCOMB, C. J., MITCHELL, MAIN, and TOLMAN, JJ., concur.